IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, et al.,** * | |
| Plaintiffs * | |
| v. * | Civil No. PJM 06 CV 338 |
| **HAROLD PERRY, et al.,** * | |
| Defendants * | |

## MEMORANDUM OPINION

**I.**

Plasterers' Local Union Number 96 Pension Plan, and Cherie Pleasant, Trustee, and James Miller, Trustee, ("Plaintiffs" or "the Plan") have filed a complaint alleging breach of fiduciary duty against the Plan's former plan administrator, his assistant, and former trustees of the Plan, under the terms of the federal Employee Retirement Income Security Act ("ERISA"). Plaintiffs also assert a state law legal malpractice claim against Sam D. Scholar, former legal counsel to the Plan. Scholar has filed a Motion To Dismiss for Lack of Personal Jurisdiction.

The parties have submitted briefs and offered oral arguments. The Court has determined to GRANT Scholar's Motion to Dismiss.

**II.**

When a federal court's personal jurisdiction is challenged under FRCP 12(b)(2), the question is one for the court to decide, with the burden on the plaintiff to prove the grounds for jurisdiction by a preponderance of the evidence. *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59-60 (4th Cir.

1993). When the court decides a personal jurisdictional motion without an evidentiary hearing, the plaintiff need only prove a *prima facie* case, with all disputed facts and reasonable inferences being resolved in plaintiff's favor. *Id.* at 60; *see also Carefirst Of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

## III.

Plaintiffs' complaint against the former administrator, assistants, and trustees alleges breach of fiduciary duty for failing to administer the Plan in compliance with ERISA provisions. They allege that the former administrators imprudently invested Plan assets in low-yield instruments, and caused Plan assets to be paid directly to participating employers in contradiction to the terms of the Plan, and that the Trustees failed to diligently oversee and correct the administrators. In addition, Plaintiffs allege that Scholar, former counsel to the Plan fiduciaries, committed legal malpractice by failing to appropriately advise the other defendants.

Plaintiffs make two arguments in support of their contention that *in personam* jurisidiction is proper with regard to Scholar. First, they assert that the claim against Scholar "arises from the same common nucleus of facts as those alleged under the ERISA causes of action" against the other defendants. Second, they argue that, because Scholar is a necessary party within the meaning of Federal Rule of Civil Procedure 19, he is subject to service of process within 100 miles of this Court under FRCP 4(k)(1)(B). In addition to these two arguments, the Court, as a preliminary matter, *sua sponte* considers whether any provision of ERISA establishes personal jurisdiction over Scholar. The Court concludes that personal jurisdiction is not justified for any of these reasons.

**IV.**

ERISA provides for a nationwide service of process, permitting enforcement actions to be brought in federal court in a district "where the plan is administered" and process to be "served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Because the Plan is currently administered in Maryland, a district court sitting in Maryland would have personal jurisdiction over Scholar under § 1132(e)(2) if the underlying cause of action against him is a proper ERISA enforcement action–that is, if the court has subject matter jurisdiction over the action under § 1132(a)(3). *See Denny's, Inc. v. Cake*, 364 F.3d 521 (4th Cir. 2004).

Federal subject matter jurisdiction over ERISA-related state law claims often arises by reason of the doctrine of "complete preemption." *King v. Marriott International, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003). The Supreme Court explained that the crux of complete preemption is "whether Congress intended the federal cause of action" to be "the exclusive cause of action" for the type of claim brought by the plaintiff. *Id.* (citing *Beneficial National Bank v. Anderson*, 539 U.S. 1, 2 (2003)).

The Court of Appeals for the Fourth Circuit, however, has determined that Congress did not intend for ERISA to completely preempt a legal malpractice case where the attorney is not alleged to be a plan fiduciary. *Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996). "A presumption that ERISA does not preempt legal malpractice claims arises because the law governing legal malpractice represents a traditional exercise of state authority." *Id.* (citing *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 833 (1988); *Airparts Co. v. Custom Benefit Services of Austin, Inc.*, 28 F.3d 1062, 1066-67 (10th Cir. 1994); *Painters of Phila. Dist. Council No. 21 Welfare Fund v. Price Waterhouse*, 879 F.2d 1146, 1153 n. 7 (3rd Cir. 1989); *but see Miller v. Retirement Funding Corp.*, 953 F. Supp. 180, 184 (W.D.Mich. 1996) (noting the "reasoning

underlying this trend [against ERISA preemption of claims involving professional services]" but adhering to *Zuniga v. Blue Cross and Blue Shield of Michigan*, 52 F.3d 1395, 1401 (6th Cir. 1995)).

Accordingly, unless Scholar was a fiduciary of the Plan ERISA does not preempt the malpractice claim against him and the Court lacks subject matter jurisdiction. An attorney does not become an ERISA fiduciary simply by providing legal counsel to fiduciaries who may have obligations to third parties. *Custer,* 89 F.3d at 1162. While it is true that an attorney's duty to his client is that of a fiduciary, *see F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1259 (2d Cir. 1987), "the mere fact that an attorney represents an ERISA plan does not make the attorney an ERISA fiduciary because legal representation of ERISA plans rarely involves the discretionary authority or control required by the statute's definition of 'fiduciary'." *Custer*, 89 F.3d at 1162.

According to the Department of Labor, the agency charged with enforcing ERISA, an attorney or other professional service provider who represents an ERISA plan will not qualify as an ERISA fiduciary so long as he "performs purely ministerial functions . . . within a framework of policies, interpretations, rules, practices and procedures made by other persons." 29 C.F.R. § 2509.75-8(D-2); *see also* 29 C.F.R. § 2509.75-5(D-1) (applying ERISA's definition of "fiduciary" to attorneys); *Useden v. Acker*, 947 F.2d 1563, 1577 (11th Cir. 1991) (holding that law firm was not ERISA fiduciary because it did not "depart . . . from the usual functions of a law firm or otherwise effectively or realistically control...the [ERISA] Plan" while noting that ERISA's careful allocation of fiduciary liability is consonant with the statute's "clear purpose" of ensuring ERISA plans' "access to ordinary legal advice."); *Nieto v. Ecker*, 845 F.2d 868, 870 (9th Cir. 1988); *Yeseta v. Baima*, 837 F.2d 380, 385 (9th Cir. 1988); *F.H. Krear*, 810 F.2d at 1259-60. Negligence in the provision of professional services does not create ERISA fiduciary status. *See Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 538 (7th Cir. 1991); *Nieto*, 845 F.2d at 870-71.

Scholar plainly is not a Plan fiduciary. There is no evidence that he provided other than ordinary legal advice to the Plan trustees and administrators, or that he exercised discretionary authority or control over the Plan. Even Plaintiffs characterize his activities on behalf of the Plan as "advising" and the "provision of legal counsel." Pl.'s Resp. at 3. Thus, Scholar owed no fiduciary duty to Plan beneficiaries.

The Court concludes that the malpractice claim against Scholar is a state claim not preempted by federal law and that, under 29 U.S.C. § 1132(a)(3), it lacks subject matter jurisdiction over the malpractice claim. Consequently, the jurisdictional provisions of 29 U.S.C. § 1132(e)(2) do not confer personal jurisdiction over him.

## V.
### A.

Apart from ERISA, Scholar argues that the Court lacks personal jurisdiction over him with regard to Plaintiffs' state law malpractice claim. Under FRCP 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 622 (4th Cir. 1997). Consequently, a federal court has personal jurisdiction over a non-resident defendant if (1) jurisdiction is authorized under the state's long-arm statue and (2) the assertion of jurisdiction is consistent with constitutional due process. *Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Because Maryland courts have consistently held that the state's long-arm statute, Md. Code Ann., Courts & Jud. Proc. §  6-103, is coextensive with the limits set by the Due Process clause of the U.S. Constitution, *see generally, Mohamed v. Michael*, 370 A.2d 551, 553 (1977), the statutory inquiry and the constitutional inquiry merge into one. *Stover v. O'Connell Assocs., Inc.,* 84 F.3d 132, 135-36 (4th Cir. 1996).

A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum such that requiring the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

The standard for determining the existence of personal jurisdiction over a nonresident defendant varies, depending on whether the defendant's contacts with the forum state also provide the basis for the suit. *Carefirst Of Maryland, Inc.*, 334 F.3d at 397. A defendant may be subject to general jurisdiction in a suit entirely unrelated to the defendant's contacts with the forum state where the defendant maintains "continuous and systematic" contact with the state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-415 (1984) (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952)).

Plaintiffs have failed to prove a *prima facie* case that Scholar has maintained the continuous and systematic contacts with the State of Maryland necessary to confer general jurisdiction. He is a resident of Virginia. He is not licensed to practice law in Maryland. He has never maintained an office, mailing address, telephone listing or bank account here. He has never provided legal services in Maryland. His presence in the state consists of two visits to Greenbelt, Maryland to attend to matters unrelated to his role as counsel to the Plan. Scholar solicits no clients or business in Maryland nor does he earn revenue from activities in the state. Plaintiffs do not contest Scholar's interpretation of these facts and apparently concede that Scholar does not have the continuous and systematic contacts with Maryland necessary to establish general jurisdiction over him.

**B.**

A federal court may assert also personal jurisdiction over a defendant where specific jurisdiction applies, i.e., where the cause of action arises out of the conduct which causes contact

with the forum. *Carefirst Of Maryland, Inc.*, 334 F.3d at 397. In determining whether it does, the Court considers (1) the extent to which the defendant "purposefully avail[ed]" himself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." *See Christian Science Bd.,* 259 F.3d at 216; *see also Helicopteros,* 466 U.S. at 414 (describing a basis for jurisdiction where "a controversy is related to or 'arises out of' a defendant's contacts with the forum").

Plaintiffs have failed to establish that specific jurisdiction exists as to Scholar. While the Plan is *currently* administered in Maryland, during the time Scholar served as counsel, it was administered in the District of Columbia, headquartered at 1411 K Street, NW, Washington, DC. Although Scholar may have sent correspondence to individual trustees who resided in Maryland, the only legal services he provided to the trustees occurred in Washington.

Plaintiffs, moreover, have failed to demonstrate that their claim against Scholar arises out of activities of his directed at Maryland. There is no evidence that Scholar purposefully availed himself of the privilege of conducting activities in the State. The present situs of the Plan in Maryland is a result of the Plan engaging a new administrator *after* Scholar had ceased serving as counsel. Scholar never provided legal work for the trustees or the Plan in Maryland. Specific jurisdiction against him is also lacking.

## VI.

Plaintiffs' final argument is that Scholar is a necessary party within the meaning of Federal Rule of Civil Procedure 19 and, therefore, as a resident of the District of Columbia, he is subject to

service of process within a hundred-mile radius of this Court.[1]  Plaintiffs, however, conflate issues of joinder with those of personal jurisdiction.

The question of whether to join a necessary party under Rule 19 is a separate inquiry from the question of whether minimum contacts exist to establish personal jurisdiction.  Plaintiffs are attempting to leapfrog the usual requirements for personal jurisdiction simply by proclaiming Scholar to be a "necessary party" and having the reach of service extended 100 miles beyond the normal reach of the Court.  While the language of Rule 19 arguably invests a plaintiff with the right to seek joinder, *but see Bevan v. Columbia Broadcasting System, Inc.*, 293 F. Supp. 1366, 1369 (S.D.N.Y. 1968) ("In any event, plaintiffs lack standing to urge the alternative ground asserted under Rule 19(a).  If the defendants, as appears to be the case, are content to risk a possible double liability, that is their concern and it hardly lies in plaintiffs' mouths to urge such solicitous protection upon them."), unquestionably the Rule is more typically associated with motions made by defendants, who could find themselves "whipsawed" by inconsistent verdicts if subjected to successive litigation in different forums.  A party will be deemed necessary to the extent that the failure to join the party would increase the likelihood for factual "whipsaw" in the absence of its joinder.  *See Schumberger Industries, Inc. v. National Surety Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994).  In contrast, a plaintiff who either succeeds or fails against given parties in one forum is in neither case "whipsawed" by having to proceed in a second forum against a different defendant whose actions happen to bear some relation to those of the defendants sued in the first forum.  He

---

[1] Under FRCP 4(k)(1)(B) "[s]ervice of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . . who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues . . . ."

can sue if he wins or, res judicata issues aside, sue if he loses.

Plaintiffs' joinder argument amounts to little more than an argument that it would be more convenient for them to sue all parties related to a given transaction in a single forum. But mere convenience does not make all parties "necessary," i.e., persons in whose "absence complete relief cannot be accorded among those already parties." FED. R. CIV. P. 19(a)(1). *See Southern Co. Energy Marketing, L.P. v. Virginia Elec. and Power Co.*, 190 F.R.D. 182, 185 (E.D.Va. 1999) ("A party is not necessary simply because joinder would be convenient or because two claims share common facts, for that would render the distinction between permissive joinder under Rule 20, Fed.R.Civ.P. and joinder under Rule 19 'practically meaningless.' . . . A party is necessary under Rule 19(a) only if the party's absence is needed to afford 'complete relief to those already parties'.") Plaintiffs' joinder argument provides no salvation as to whether the Court has jurisdiction over Scholar.

## VII.

In sum, Plaintiffs have failed to make a *prima facie* showing that personal jurisdiction over Scholar exists. Accordingly, the Court will grant his Motion to Dismiss for Lack of Personal Jurisdiction. A separate order will be ENTERED.

March 12, 2007                                                         /s/
                                                    PETER J. MESSITTE
                                       UNITED STATES DISTRICT JUDGE