IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) C.A. No. PJM 06 CV 338 |
| v. | ) ) ) |
| HAROLD PERRY, *et al.*, | ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, the Plasterers' Local Union No. 96 Pension Plan (the "Plan"), Cherie Pleasant and James Miller as trustees, on behalf of the Plan (collectively, the "Plaintiffs"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 56(a) and (c), respectfully move for partial summary judgment against Defendants Donald A. Molnar, James S. Lertora, Edgar Pepper, Ronald L. Beddow (collectively with Defendants Molnar, Lertora, and Pepper, the "Defendant Trustees"), and Harry C. Perry (collectively with the Defendant Trustees, the "Defendants").

As fully set forth in the accompanying Memorandum of Law, Plaintiffs are entitled to partial summary judgment as a matter of law because Defendants breached their fiduciary duties to the Plan and its participants in violation of the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. More specifically:

1.  Defendants breached their fiduciary duties to diversify Plan investments in violation of ERISA § 404(a)(1)(C). Defendants' failure to maintain Plan assets in a diversified portfolio caused damage to the Plan and its participants in the amount of $432,960.62, plus interest, in the three-year period ending December 31, 2005.

2.      Defendants breached their fiduciary duties to act prudently in violation of ERISA § 404(a)(1)(B).  Defendants failure to maintain a diversified portfolio and any statement of investment policy was, in itself, imprudent.  Moreover, Defendant Trustees breached their fiduciary duty to act prudently by failing to properly oversee and monitor Defendant Perry and Mr. Scholar's actions with respect to the Plan, and failing to ensure Defendant Perry carried fiduciary insurance.

3.      Defendants violated the anti-inurement provision of ERISA § 403(c)(1) by causing approximately $121,000 to inure to the benefit of various contributing employers in the form of "forfeitures."  Likewise, by causing improper distributions to employer-contributors, Defendants breached their fiduciary duties to use plan assets for the exclusive purposes for which such assets may be used under ERISA in violation of ERISA § 404(a)(1)(A). These improper distributions to employer-contributors constituted prohibited transactions between a plan and a party-in-interest in violation of ERISA § 406(a)(1)(D), and a self-dealing prohibited transaction in violation of ERISA § 406(b).  Defendants' improper distributions of Plan assets to contributing employers, parties in interest under ERISA, in violation of ERISA, damaged the Plan in the amount of $335,224.00.  Plaintiffs are entitled to relief for Defendants' prohibited transactions because Defendants actively concealed their improper employer distributions and the six-year statute of limitations did not begin to run until the concealment ended in 2005.  Moreover, in the alternative, Plaintiffs are entitled to relief for Defendants' 1994 prohibited transactions based upon Defendants separate and distinct breach of fiduciary duty in failing to remedy their known breach of engaging in a prohibited transaction.

4.      Defendants breached their fiduciary duties to the Plan by failing to act in accordance with the "documents and instruments governing the Plan" in violation of ERISA

§ 404(a)(1)(D). Defendants failed to act in accordance with the documents and instruments governing the Plan by returning funds to contributing employers in direct violation of the plain language of the Plan documents, failing to conduct Board of Trustees meetings with the requisite frequency in direct violation of the plain language of the Plan documents, and permitting an incomplete Board of Trustees to make governing plan decisions in direct violation of the plain language of the Plan documents.

5. Pursuant to ERISA § 409(a), each of the Defendants is jointly and severally liable for the fiduciary breaches detailed herein.

6. Pursuant to ERISA § 502(g)(1), Plaintiffs are entitled to recover their attorneys fees and costs in bringing this action.

WHEREFORE, Plaintiffs respectfully move this Court to grant Plaintiffs' Motion for Partial Summary Judgment thereby finding that, as a matter of law, Plaintiffs are entitled to recover $432,960.62, plus interest, as damages for the three-year period ending December 31, 2005 based upon the Defendants' breaches of their fiduciary duties in failing to diversify the Plan's assets, as well as $335,224, plus interest, based upon the Defendants' breaches of their fiduciary regarding their 1994 distributions of Plan assets to employer-contributors of the Plan, as well as granting the Plaintiffs their attorneys' fees and costs incurred in bringing this action.

Respectfully submitted,

Dated: February 29, 2008              _____/s/_____
                                      Jonathan G. Rose (MD Bar No. 15138)
                                      Sheppard Mullin Richter & Hampton LLP
                                      1300 I Street, NW, 11th Floor East
                                      Washington, DC 20005
                                      Telephone: (202) 772-5390
                                      jrose@sheppardmullin.com
                                      *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of February, 2008, I caused a copy of the foregoing Plaintiff's Motion for Summary Judgment to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

>Peter R. Kolker, Esq.
>Zuckerman Spaeder LLP
>1800 M Street, NW, Suite 1000
>Washington, D.C. 20036-5802

>John C. Hayes, Esq.
>Nixon Peabody LLP
>401 Ninth Street, N.W., Suite 900
>Washington, D.C. 20004-2128



_____/s/_____
Jonathan G. Rose