**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
(Southern Division)

| | | |
|---|---|---|
| PLASTERERS' LOCAL UNION NO. 96 | ) | |
| PENSION PLAN, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06 CV 338 (PJM/JKS) |
| | ) | |
| HAROLD PERRY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS TRUSTEES' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT EIGHT

Plaintiffs' complaint contains nine causes of action. Eight of the nine causes of action implicate the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101, *et. seq.* (2007). The Sixth and Eighth Causes of Action aver that the Trustees permitted a "prohibited transaction" to occur, thus breaching their fiduciary duty in violation of ERISA.

Defendants are entitled to summary judgment on the Sixth and Eighth Causes of Action (the "Prohibited Transactions claim") for at least two reasons. First, the Prohibited Transaction claim is barred by ERISA's statute of limitations.[1] To find for the plaintiffs on the Prohibited Transactions claim the Court would have to ignore the applicable limitations period governing all claims arising under ERISA. ERISA's statute of limitations, 29 U.S.C. § 1113 (2007), provides for either a three-year or six-year limitations period, depending on the circumstances

---

[1] On September 13, 2007, defendant Trustees filed a motion for partial summary judgment because the other claims against them are also barred by the statute of limitations. That motion discussed the limitations period as applied to claims that the Trustees breached their fiduciary duties because of the way the Plan's assets were invested.

giving rise to the claim.  The allegations contained in the Prohibited Transactions claim relate solely to events alleged to have occurred in 1994, twelve years before the Complaint was filed.

Plaintiffs' Complaint was filed on February 9, 2006.  Thus, Plaintiffs are entitled to seek damages for breaches of fiduciary duty occurring, at the earliest, on February 9, 2000.  There is no basis upon which to permit the plaintiffs to recover damages for conduct alleged to have taken place nearly *twelve* years before the Complaint's filing date.

Second, even if the Prohibited Transactions claim was not barred by ERISA's statute of limitations, it fails to state an actionable claim against the Trustees under ERISA.  As described below, the undisputed facts do not demonstrate any violation of ERISA or of the Plasterers Local Union No. 96 Pension Plan, as amended ("Plan"), resulting from so-called prohibited transactions.  The actions of the Trustees were permissible under both ERISA and the terms of the Plan in place during 1994.

For these reasons Defendants are entitled to summary judgment on the Prohibited Transactions claims pled in the Sixth and Eighth Causes of Action.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law," *Rossingnol v. Voorhaar*, 321 F. Supp. 2d 642, 645 (D. Md. 2004), and when the record and arguments, as a whole, could not lead to a ruling in favor of the non-moving party.  *See Rubendall v. Thompson*, 2005 U.S. Dist. LEXIS 43676, at *11-12 (D. Md. Aug. 11, 2005) (Messitte, J.), *aff'd* 166 Fed. Appx. 699 (4th Cir. 2006).

Because it is an important procedural mechanism for weeding out arguments that are unsupported, a summary judgment motion imposes a strong obligation on the non-moving party

if that party bears the burden of proof.  *See Waterhouse v. R.J. Reynolds*, 368 F. Supp. 2d 432, 434 (D. Md. 2005) (Messitte, J.).  Summary disposition is particularly appropriate where the material issues for decision are issues of law.  *Keeler v. Mayor & City Council of Cumberland*, 940 F. Supp. 879, 881 (D. Md. 1996).

## ARGUMENT

### I.   THE PROHIBITED TRANSACTIONS CLAIM IS BARRED BY ERISA'S STATUTE OF LIMITATIONS

#### A. The Prohibited Transactions Claim is Governed by ERISA's Statute of Limitations

Plainitffs' Complaint alleges that "[d]efendant Trustees caused Plan assets to be paid directly to participating employers in contradiction of the express terms of the Plan and ERISA."  Compl. ¶ 60, 71.  ERISA's statute of limitations applies to this breach of fiduciary duty claim.

Where there are no allegations of fraud or concealment, plaintiffs have, at most, six years to bring suit for alleged violations of ERISA.  The applicable section of the statute provides that:

> No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty or obligation under [ERISA]… after the earlier of,
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or,
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation,
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (2007) ("Section 413").   The statutory purpose of Section 413 is clear.   In requiring timely action by plaintiffs, statutes of limitation serve the dual goals of providing "essential fairness to defendants and [barring] plaintiffs who have slept on their rights." *Popoola v. MD-Individual Practice Ass'n*, 230 F.R.D. 424, 428 (D. Md. 2005); *see also Ladzinski v. MEBA Pension Trust*, 951 F. Supp. 570, 574 n.1 (D. Md. 1997) ("the purpose of the statute of limitations would be defeated if [the plaintiff] were able to preserve his ERISA action indefinitely").

Here, Plaintiffs do not allege fraud or concealment by any of the Defendants. Accordingly, there are only two possible limitations periods applicable to the Plaintiffs' claims either three or six years, depending on the factual circumstances surrounding the alleged breach. Under no circumstances can recovery be permitted  for claimed breaches occurring more than six years prior to the commencement of litigation.

## B. The Prohibited Transactions Claim is Time Barred as a Matter of Law Because it Alleges Liability Arising from Conduct Occurring Solely in 1994.

The prohibited transactions allegedly are breaches of ERISA, specifically 29 U.S.C. § 1106(A)(1) and (2).   The Plaintiffs' ERISA expert has conceded that the exception for fraud or concealment does not apply to this suit.   *See* Rose Dep. at 129, 150, 156-57.[2]   Thus, as a matter of law, Plaintiffs' claims are governed by either the three or six-year limitations period provided by subsections (1) and (2) of 29 USC §1106.   The Prohibited Transactions claim alleges that

---

[2] "Q:  [D]o you have any reason to be of the view that there was any fraud committed here?  A:  I did not focus on fraud and I don't believe any was apparent."  Rose Dep. at 129.

"Q:  Do you contend that the fraud or concealment provision of the ERISA statute of limitations applies in this case?  A:  It's not clear to me that it does."  Rose Dep. at 150.

"Q:  [T]he exception for fraud or concealment doesn't apply here, don't you agree?   A:  Well, on the basis of what I have seen so far, that would appear to be so."  Rose Dep. at 156-57.

Defendants Lertora, Pepper, Molnar and Beddow ("Trustees") engaged in a "[p]rohibited [t]ransaction." *See* Compl. ¶¶ 60, 71-74. Specifically, Plaintiffs allege that "Defendant Trustees caused Plan assets to be paid directly to participating employers in contradiction of the express terms of the Plan and ERISA." Compl. ¶ 60, 71.

It is not disputed that refunds of forfeited employer contributions were returned to participating employers by the Plan in 1994. *See* Pls. Resp. to Interrogs. at 6; *see also* Pepper Dep. at 150-52, 157-59; Lertora Dep. at 135-36, 139-40, 144-45; Scholar Dep. at 180-183. Because the conduct complained of occurred in 1994, the claims are barred by ERISA's statute of limitations. Therefore, the Defendants are entitled to summary judgment on the Prohibited Transactions claim.

## II.   DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT AS A MATTER OF LAW ON THE PROHIBITED TRANSACTIONS CLAIMS

In their complaint, Plaintiffs allege that the Trustees' breached their fiduciary duty in 1994 by permitting refunds to participating employers of forfeited contributions. According to the plaintiffs the acts violated both ERISA's statutory requirements and the Plan's provisions. Both of Plaintiffs' assertions are incorrect.

Under ERISA, any benefit that has not yet vested in a participant may be forfeited. Frequently, benefits contributed by employers on behalf of employees vest and become unconditional upon the occurrence of a particular event or set of circumstances. The vesting process is often tied to the particular employee's service time. However, where an employee for whom an employer has made contributions fails to satisfy the applicable vesting criteria, the contribution are deemed "forfeitures." *See*, 26 CFR § 1.411(a)-4 (2008). That is precisely what occurred in this instance.

### A.  ERISA Does Not Prohibit Crediting Forfeitures to Participating Employers

Under ERISA, forfeitures may be used to reduce employer contributions if permitted by the Plan's applicable rules and regulations.  *See*, 26 CFR § 1.411(a)-4 ("a right which, at a particular time, is conditioned under the plan upon a subsequent event . . . which will cause the loss of such right is a forfeitable right at that time.")  Furthermore, several circuits, including the Fourth Circuit, have held that there is "an equitable cause of action by employers for the recovery of contributions erroneously paid to pension funds."  *Plucinski v. I.A.M. Nat'l Pension Fund*, 875 F.2d 1052, 1057-58 (3d Cir. 1989); *see also, Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 993 (4th Cir.), *cert. denied*, 498 U.S. 982 (1990) (allowing recoupment of overpayments to a plan participant based on ground of unjust enrichment).  ERISA does not, as a matter of law, prohibit the refunding of forfeited contributions to contributing employers.  Rather, it is the Plan documents that determine whether a credit or refund to employers is permissible under particular circumstances.

### B. The Plan, as Amended in 1994, Required that Forfeitures be Credited to Participating Employers

The Plasterers Local Union No. 96 Pension Plan ("Plan") was effective as of January 1, 1987.  Thereafter it was amended from time to time, including an amendment by a resolution dated November 16, 1989 ("Amendment One").[3]  There is no genuine issue of material fact about the language of the Plan, originally or as amended in 1989.

In the original unamended Plan, Section 7 of Article 4 ("Section 4.7") provided that "[a]ll forfeitures under the Plan shall be allocated to the account of the Participants."  The language was revised by Amendment One, which provided that "[a]ll forfeitures under the Plan shall be allocated ***to the Plan to be used to reduce contributions by the Employer.***"  This amendment

---

[3] The Plan document and written amendments thereto were introduced by Plaintiffs' counsel at the depositions of Defendant Trustees Molnar, Lertora and Pepper, Defendant Perry, and former Defendant Scholar.

was properly and unanimously approved by the six Plan Trustees in office at that time.  The amended version of Section 4.7 remained in force until 1999, when the Plan was further amended to eliminate the possibility of forfeitures.[4]  Thus, during 1994, the Plan, as amended by Amendment One, required that forfeitures be "used to reduce contributions by the Employer."

At no time have Plaintiffs alleged that the Plan engaged in "prohibited transactions" in any year other than 1994.  In Trustees' Interrogatory No. 6, Plaintiffs were asked to identify all facts upon which they relied in asserting that the Trustees "allowed plan assets to be paid directly to participating employers in contradiction of the express terms of the Plan."  *See* Trustees Interrog. No. 6.  In response, Plaintiffs identified copies of checks issued to contractors, during 1994, when the Plan was not only permitted, but expressly required by its own amended language that forfeitures be used for the benefit of contributing contractors.

By refunding forfeitures to contributing employers, the Plan and its Trustees acted in accordance with the express mandate of the Plan documents.  Such conduct could not possibly have been "prohibited."  Neither the validity of the Plan's amendment nor the timing of the appropriate refunds are disputed.  The Trustees conduct did not violate the Plan, and hence the Trustees did not violate their fiduciary duty by refunding forfeitures to employers in 1994.

The Prohibited Transactions claims is time barred by ERISA's statute of limitations.  The defendants are entitled to summary judgment on that basis.  In addition, defendants are entitled to summary judgment on the merits because the Trustees' alleged action did not violate the terms of the Plan or ERISA.  On either basis, the defendants are entitled to summary judgment as a matter of law on the Prohibited Transactions claim.

---

[4] By resolution made effective July 22, 1999, Plan Article 9.1 was amended to provide that "any Employee, including new employees, shall participate in the Plan immediately.  There is no requirement to have one year of service or 1000 hours of in one year to become a Plan Participant.  He or she shall also become ***immediately vested in any contribution made to the Plan*** as long as he or she shall have one (1) hour of service in said year."

## CONCLUSION

For the reasons set forth above, Trustees respectfully request that they be granted partial summary judgment on the Sixth and Eighth Causes of Action .

Dated: February 29, 2008                    Respectfully submitted,

                                            _____/s/_____
                                            John C. Hayes, Jr. (Bar No. 01936)
                                            NIXON PEABODY LLP
                                            401 Ninth Street, N.W., Suite 900
                                            Washington D.C.  20004
                                            (202) 585-8000 (phone)
                                            (202) 585-8080 (facsimile)
                                            jhayes@nixonpeabody.com
                                            jbramlette@nixonpeabody.com

                                            ***Counsel for Defendant Trustees***

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 29th day of February, 2008, I caused a copy of the foregoing Memorandum in Support of Defendant Trustees' Second Motion for Partial Summary Judgment to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

Jonathan G. Rose, Esq.
SHEPPARD MULLIN RICHTER & HAMPTON
1300 I Street, N.W., 11th Floor East
Washington, D.C.  20005

*Attorneys for Plaintiffs*

Peter R. Kolker, Esq.
ZUCKERMAN SPEADER LLP
1800 M Street, N.W., Suite 1000
Washington, D.C.  20036

*Attorneys for Defendant Perry*

_____/s/_____
John C. Hayes, Jr.