EXHIBIT 25



## AGREEMENT AND DECLARATION OF TRUST

## PENSION PLAN OF PLASTERERS' LOCAL UNION NO. 96

THIS AGREEMENT AND DECLARATION OF TRUST made and entered into this 1st day of October, A.D. 1958, in the City of Washington, District of Columbia, by and between OPERATIVE PLASTERERS' LOCAL UNION No. 96, affiliated with the American Federation of Labor, hereinafter referred to as the "UNION"; PETER J. DONOHUE, WILLIAM W. MORGAN, and JOSEPH A. THOMPSON, who, with their successors designated in the manner hereinafter provided, are hereinafter referred to as "UNION TRUSTEES"; the EMPLOYING PLASTERERS' ASSOCIATION, INCORPORATED OF THE DISTRICT OF COLUMBIA, hereinafter referred to as "ASSOCIATION"; and C. LOZUPONE, AARON POSNER, and SIDNEY SHERMAN, who, with their successors, designated in the manner hereinafter provided, are hereinafter referred to as "EMPLOYER TRUSTEES", the Union Trustees and Employer Trustees are hereinafter collectively referred to as "Pension Trustees", and various employers of members of the Union doing business in the trade jurisdiction of the Union, who are not members of the Association and with whom the Union has entered or shall hereinafter enter into collective bargaining agreements, the said various employers and members of the Association being hereinafter collectively called "Employers";

WITNESSETH:-

WHEREAS, the Union and Employers have, or hereafter will have entered into collective bargaining agreements which, among other things, provide for the establishment of a pension and retirement fund for the exclusive benefits of the employees of the Employers and for the payment by the Employers to the Pension Fund certain sums of money to be fixed by the parties from time to time, for employees of the Employers who are covered and entitled to the benefits of the said collective bargaining agreements; and

WHEREAS, the Union, the Association and the Employers desire to establish a trust under which moneys paid on account of pension and

retirement benefits will be held in a trust fund to be known as the PLASTERERS' LOCAL UNION NO. 96 PENSION FUND, hereinafter referred to as the "Pension Fund" and to designate Pension Trustees to receive, hold, administer and disburse said moneys and other properties owned by the Pension Fund, and to define the powers, duties and responsibilities of the Trustees; and

WHEREAS, it is desired by the Union, the Association and the Employers that the employee-representatives and the employer-representatives, as "Pension Trustees", shall formulate rules, regulations and the detailed basis on which payments by the Trustees of benefits from the Pension Fund are to be made for the benefit of the employees affected by this Agreement;

NOW, THEREFORE, in consideration of the mutual promises of the parties, a Trust is hereby created and it is mutually declared, understood and agreed, as follows:

ARTICLE I

DEFINITIONS

Section 1.   The term "Employer" as used herein shall mean each employer member of the EMPLOYING PLASTERERS' ASSOCIATION, INCORPORATED, OF THE DISTRICT OF COLUMBIA and each individual employer who has presently in force, or who hereafter executes a collective bargaining agreement with the Union, the terms and conditions of which are similar to those contained in the agreement in force between the Union and the Association.

Section 2.   "EMPLOYEE"...The term "Employee" shall mean all employees of the Employers, Journeymen and apprentices, actually working at the trade, or working for the Union.

Section 3.   The term "Pension Fund" or "Pension Trust" as used herein shall mean all contributions to the Trust Fund created hereunder received by the Trustees under the said collective bargaining agreements and any additional contributions thereto that may hereafter be agreed upon by the parties under the said collective bargaining

- 2 -

0131

agreements, or other written collective bargaining agreements between the parties, or any modification, amendment, revision or extension thereof, together with all funds (as herein defined) received by the Trustees for the uses, purposes and trusts set forth in this Trust Agreement. The term "Pension Fund" shall be interchangeable with the term "Pension Trust" and with the term "Trust Fund".

Section 4. The term "Fund" or "Funds" as used herein shall mean cash, credits, stocks, either common (with or without voting power) or preferred (with or without present or future voting rights in the event of the happening of a preference condition), bonds, notes, other property or securities or interests in property, provided that the foregoing meet the requirements of legal investments for trust funds in the District of Columbia, and any life insurance or annuity contract or contracts issued by a life insurance company, held in or forming a part of the Pension Fund.

Section 5. The term "Pension Trustees" as used herein shall mean the Trustees herein nominated and appointed and any successor Trustees designated in the manner provided herein.

Section 6. The term "Pension Plan" as used herein means the plan, program, method and procedure for making of regular contributions by employers, collection of contributions by the Trust Fund, and the detailed basis on which payments by the Trustees of benefits from the Pension Fund are to be made including such rules and regulations relating to eligibility requirements, retirement age, amount and computation of benefits and the general administration and operation of the Pension Fund as the Pension Trustees may from time to time promulgate, not inconsistent with the terms of this agreement and existing law.

Section 7. The term "Contributions" as used herein shall mean payments required to be made to the Pension Fund by the Employers for the sole and exclusive benefit of the employees of said Employers, such payments being intended to be used for the purpose of providing pensions for employees of the Employers.

- 3 -

ARTICLE II

NAME

There shall be established a Trust Fund to be known as the
PLASTERERS' LOCAL UNION NO. 96 PENSION FUND.

ARTICLE III

PURPOSES

The purpose of the Trust Fund shall be to provide, pursuant to
the said Pension Plan, pension and retirement benefits for the sole
and exclusive benefit of the employees of the Employers.

ARTICLE IV

APPROVAL OF GOVERNMENTAL AGENCIES

The Pension Trust and Pension Plan shall be submitted for appro-
val under the applicable provision of the Internal Revenue Code. In
the event of failure of the Agreement and Declaration of Trust and
the Pension Plan to receive or retain approval as a qualified Agree-
ment and Declaration of Trust and Pension Plan under such provisions
of Federal Law as are now in effect, or as subsequently amended or
legislated, or if such approval, or any ruling in connection therewith
shall result in the Employers' contributions constituting taxable
income to employees, or if any ruling in connection therewith shall
fail to secure the authorization for the deduction of the Employer
contribution as a business expense to the Employer, the Pension Trus-
tees shall make such changes as are necessary to receive or retain
such approval or authority for employers to deduct payments to the
Pension Trust as a business expense without reporting such payments
as taxable income to employees. In the event that a Pension Plan
should be established and a dispute arise among the Pension Trustees
because of the said approval or any ruling in connection therewith, or
failure to secure such approval, then a deadlock shall be deemed to
exist, and an umpire shall be designated to decide such dispute. If
the Trustees cannot within a period of five days agree upon an umpire,
either the Union Trustees or the Employer Trustees, or both, shall
petition the United States District Court for the District of Columbia
for the appointment of an umpire to settle the said dispute.

- 4 -

# ARTICLE V

## CONTRIBUTIONS TO THE PENSION FUND

Section 1.  The contributions of the Employers shall be made in accordance with the rules and regulations of the Trustees, and shall be paid to the Trustees at such regular intervals and in such amount as is provided for in the current Agreement between the Union and the Association and individual employers.

Section 2.  The Pension Trustees may compel and enforce the payment of the contributions in any manner which they deem proper; and the Trustees shall make such rules and regulations to facilitate and enforce prompt collection and payment thereof as shall be appropriate.

Section 3.  Nothing contained in the Trust Agreement shall be deemed or construed to impose upon the Association any duty or obligation to collect, receive or pay over any of the contributions required hereunder to be made and paid by employers to the Pension Trustees, nor shall the Association be deemed guarantor or surety in respect to any such contributions.

Section 4.  Each Employer shall promptly furnish to the Pension Trustees on demand any and all wage records relating to his employees which the Pension Trustees shall require in writing.  Each Employer shall also render to the Pension Trustees with the payment of such contribution, or at such other regular intervals as the Pension Trustees may request, written reports as to the wages paid to and hours worked by his employees and the contributions due or payable to the Pension Fund, as the Pension Trustees may require.

Section 5.  The Pension Trustees, or their authorized representatives, may examine the pertinent payroll books and records of each Employer whenever such examination may be deemed necessary or advisable by the Pension Trustees in connection with the proper administration and maximum protection of the Pension Fund.

- 5 -

## ARTICLE VI

### TERMINATION OF INDIVIDUAL EMPLOYERS

Section 1. An Employer shall cease to be an Employer as defined in Section 1 of Article 1 of this Agreement and Declaration of Trust whenever:

(a) Such Employer fails to make an Employer Contribution on the date when due or within the period of time allowed for the payment thereof, or,

(b) Such Employer no longer qualifies as an Employer as defined in Section 1 of Article 1 of this Agreement and Declaration of Trust.

Section 2. When an Employer ceases to be an Employer as defined in Section 1 of this Article, the Pension Trustees shall forthwith notify the Union and the Association. The failure of an Employer to pay the contributions required hereunder when due or within the period of time allowed for the payment thereof shall be a violation of the collective bargaining agreement between said Employer and the Union as well as a violation of the Employer's obligations hereunder. In addition to any other remedies to which the parties may be entitled and in addition to any other lawful sanctions imposed upon a defaulting Employer, an Employer shall be obligated to pay a ten percent (10%) penalty on all contributions made subsequent to the date upon which they are due.

### ARTICLE VII

### POWERS AND DUTIES OF PENSION TRUSTEES

Section 1. The Pension Trustees shall have power to construe the provisions of this Agreement and Declaration of Trust and the terms used herein and any construction adopted by the Pension Trustees in good faith shall be binding upon the Union, the Employees and the Employers.

Section 2. The Pension Trustees shall not receive compensation for the performance of their duties, but shall be reimbursed for all reasonable and necessary expense which they may incur in the performance of their duties.

Section 3. The Pention Trustees shall, among other things:

0135

(a) Accept and receive all contributions and shall hold,
invest, reinvest, manage and administer the same as
part of the Pension Fund for the uses, purposes and
trusts herein provided.

(b) Accumulate all income, earnings and profits of the
Pension Fund and receive and administer the same as
a part thereof.

(c) Formulate, adopt and administer a Pension Plan for
the exclusive benefit of the Employees in order to
provide and pay pensions and retirement benefits for
the Employees directly out of the Pension Fund.

(d) Promulgate and establish rules and regulations for
the administration and Operation of the Pension Plan
in order to effectuate the purposes thereof, and in
pursuance thereto (but without limitation on the
powers of the Pension Trustees by reason of such
enumeration), formulate and establish the conditions
of eligibility with respect to age and length of
service, qualifications for early retirement, condi-
tions for vesting prior to normal retirement date,
past and future service benefit credits, the method
of providing pensions, the payment of premiums in the
event that insurance policies or annuity contracts
are part of the Pension Plan, the purchase, handling,
control and disposition of retirement income contracts,
policies and annuities, the investment of funds and
any and all other matters which the Pension Trustees,
in their discretion, may deem necessary or proper to
effectuate the purpose and intent of the Agreement and
Declaration of Trust and the Pension Plan.

(e) Amend the Pension Plan from time to time provided that
such amendments comply with the purposes hereof. The
Pension Plan and all amendments thereto adopted by the
Pension Trustees shall be filed by the Pension Trustees
as part of the records and minutes of the Pension Trus-
tees, and a copy thereof shall be sent to the Union,
the Association, the Employers, and the appropriate
Governmental agencies as provided and required by
Article IV hereof.

(f) Establish and accumulate as part of the Pension Fund
such reserve or reserves as the Pension Trustees shall
in their opinion deem necessary or advisable for the
sound and efficient administration of the Pension Plan.

(g) Purchase, acquire, receive, retain, administer, surren-
der or assign any life insurance or annuity contract
and pay the premiums, and exercise the rights, privi-
leges, options and benefits contained in any such con-
tract, in the event that the Pension Trustees determine
that insurance policies or annuity contracts shall be
acquired as part of the program administered by the
Pension Trustees pursuant to this agreement and Declara-
tion of Trust and the Pension Plan.

- 7 -

0136

(h)  ·  · Pay out of ⟨⟨⟩⟩ Trust Fund all taxes levied against
said fund of any nature whatsoever; provided, however,
that the Pension Trustees may contest the validity of
any tax and may obtain and follow the advice of counsel
and for all and any acts done or omitted to be done
pursuant to the advice of such counsel the Pension
Trustees shall be held completely harmless.

(i) Enter into agreements, contracts and other instruments
for the deposit of funds with banks, trust companies or
other institutions, which accept and hold moneys on de-
posit, and to authorize such depositary to act as cus-
todian of the funds, whether in cash or securities or
other property, and to authorize such depositary or
depositaries to convert, invest and reinvest the funds,
entirely or in part, into securities of any kind and
nature, provided they are approved as legal investments
for trust funds in the District of Columbia.

(j) Authorize withdrawals of moneys from such account or
accounts, but only by orders or checks signed by at
least two Pension Trustees, one of whom shall be a Union
Trustee and one of whom shall be an Employer Trustee,
the appointment of the said two Pension Trustees to be
made by the Pension Trustees in writing and forwarded
to the bank, trust company or other institution upon
which said funds are to be drawn and a written entry
of said appointment being entered into the official
minutes of the Board of Pension Trustees.

Section 4.  The Pension Trustees shall have and maintain an

office in the City of Washington, District of Columbia, which

shall be deemed the situs of the Pension Fund.  The pension Trustees

may, from time to time, change the location of said office within the

City of Washington, District of Columbia, but no change shall be effec-

tive until notice thereof shall have been given to the Union, the

Association and the Employers.

Section 5. Notices given by or to the Pension Trustees, the

Union, Association or any Employer hereunder shall, unless otherwise

specified herein, be sufficient if in writing and delivered to or

sent by postpaid first class mail or prepaid telegram.  Except as

herein otherwise provided, distribution or delivery of any statement

or document required hereunder to be made to the Pension Trustees,

Association, Union or Employers shall be sufficient if delivered in

person or if sent by postpaid first class mail.

Section 6. In addition to all other rights, powers and preroga-

tives vested in them, the Pension Trustees may:

8 -

0137

(a) Hold, from time to time, any or all of the Trust Fund in
    cash, uninvested and non-productive of interest or other
    income.

(b) Sell, transfer or dispose of any securities or other
    property at any time held by them for cash or on credit,
    and convert or exchange any securities or other property
    at any time held by them for other securities or property
    which the Pension Trustees may deem acceptable.  Any such
    sale, transfer, disposition, conversion or exchange may
    be made publicly or by private arrangement.

(c) Consent to the reorganization, consolidation, merger, dis-
    solution, or readjustment of the finances, of any corpora-
    tion, company or association, any of the securities of which
    may at any time be held hereunder, exercise any option or
    options, make any agreement or subscription, pay any ex-
    penses, assessments or subscriptions in connection there-
    with and hold and retain any property acquired by means of
    the exercise of the powers expressed in this paragraph to
    the extent that it is acceptable to the Pension Trustees.

(d) Compromise, arbitrate, settle, adjust or release any suit
    or legal proceeding, claim, debt, damage or undertaking
    due or owing from or to the Trust Fund on such terms and
    conditions as the Pension Trustees may deem advisable.

(e) Register any securities or other property held in the
    Pension Fund with or without the addition of words indi-
    cating that such securities or other property are held
    in a fiduciary capacity; and hold in bearer form any
    securities or other property held hereunder so that title
    thereto will pass by delivery, but the books and records
    of the Pension Trustees shall show that all such invest-
    ments are part of the Pension Funds.

(f) Lease or purchase such premises, materials, supplies and
    equipment, and employ and retain such legal counsel, in-
    vestment counsel, administrative, accounting, actuarial,
    clerical, custodial and other assistants or employees as
    in their discretion the Trustees may deem necessary or
    appropriate and to pay their reasonable expenses and com-
    pensation out of the Trust Fund.

(g) Vote in person or by proxy or otherwise upon securities
    held by the Pension Trustees and to exercise by attorney
    or in any other manner any other rights of whatsoever
    nature pertaining to securities or any other property at
    any time held by them hereunder.

(h) Make, execute and deliver as Pension Trustees any and all
    instruments in writing necessary or proper for the effec-
    tive exercise of any of the Pension Trustees' powers as
    stated herein, or otherwise necessary to accomplish the
    purposes of the Pension Fund and this Trust Agreement.

(i) Borrow money from any and all types of persons, companies
    or institutions upon such terms and conditions as the
    Pension Trustees may deem desirable and for the sums so
    borrowed or advanced, the Pension Trustees may issue
    promissory notes or other evidence of indebtedness as
    Pension Trustees, and secure the repayment thereof by the
    pledge of any securities or other property in their
    possession as Pension Trustees.

- 9 -

(j) Apply to the United States District Court for the District of Columbia for guidance with respect to the disposition of the Pension Fund; but nothing herein contained shall be deemed or construed as imposing any duty on the Pension Trustees to make such application, or as a limitation of any kind or nature upon the powers, rights and prerogatives of the Pension Trustees.

(k) Authorize by resolution any one or more of the Pension Trustees to execute any notice or other instrument in writing and all persons, partnerships, corporations or associations may rely thereupon that such notice or instrument has been duly authorized and is binding on the Pension Trust and the Pension Trustees.

(l) Do all other acts and take any and all other action, whether or not expressly authorized herein, which the Pension Trustees may deem necessary or proper for the protection of the property held hereunder.

## ARTICLE VIII

### EXPENSES, ACCOUNTS AND RECORDS

Section 1.  The expenses incurred in the collection of contributions and in the administration and operation of the Pension Fund shall be paid from the Pension Fund.

Section 2.  The Pension Trustees shall keep, or cause to be kept, true and accurate books of account and records of all Trust Fund transactions, which shall be open to the inspection of each of the Pension Trustees at all times, and which shall be audited annually by a certified public accountant selected by the Pension Trustees.  A condensed statement of such audits shall be furnished to the Union and the Associations and shall be available at all times for inspection by the Employers and the Employees at the principal office of the Pension Fund.

Section 3.  The Pension Fund shall be valued by the Pension Trustees annually at the market value on such date as shall be set by the Pension Trustees, but the value of any life insurance or annuity contracts shall not be included in such valuations; and in making such valuation, the Pension Trustees may engage the help, and pay the expenses of such persons as they may select.

## ARTICLE IX

### MISCELLANEOUS

Section 1.  No employee, or any person claiming by or through such Employee by reason of having been named a beneficiary, in a

-10 -

0139

certificate or otherwise, shall have any right, title or interest in or to the funds or other property of the Pension Fund or any part thereof, except as specifically provided for by the Pension Plan and the applicable rules and regulations thereunder.

Section 2.  No moneys, property or equity of any nature whatsoever in the Trust or Trust Fund or policies or benefits or moneys payable therefrom shall be subject in any manner, by any Employee or person claiming through such Employee, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, mortgage, lien or charge and any attempt to cause the same to be subject thereto shall be null and void.

Section 3.  Neither the Pension Trustees nor any individual or successor Pension Trustees shall be personally answerable or personally liable for any liabilities or debts of the Pension Fund contracted by them as such Pension Trustees, or for the non-fulfillment of contracts, but the same shall be paid out of the Trust Fund and the Trust Fund is hereby charged with a first lien in favor of each of such Pension Trustees for his security and indemnification for any amount paid out by such Pension Trustee and for such liability and for his security and indemnification against liability of any kind which the Pension Trustee or any of them may incur hereunder; PROVIDED, HOWEVER, that nothing herein shall exempt any Pension Trustee from liability arising out of his own wilful misconduct, bad faith or gross negligence, or entitle such Pension Trustee to indemnification for any amount paid or incurred as a result thereof.

Section 4.  The Pension Trustees and each individual Pension Trustee shall not be liable for any error or judgment or for any loss arising out of any act or omission in the execution of the Trust, so long as they act in good faith; nor shall any Pension Trustee, in the absence of his own wilful misconduct, bad faith or gross negligence, be personally liable for the acts or omissions (whether performed at the request of the Pension Trustees or not) of any other Pension Trustee, or of any employee, agent or attorney elected or appointed by or acting for the Pension Trustees.

- 11 -

Section 5.   The Pension Trustees shall be fully protected in acting upon any instrument, certificate, or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

Section 6.   The Pension Trustees shall not be liable for the proper application of any part of the Pension Fund or for any other liabilities arising in connection with the administration or operation of the Trust Fund, except as herein provided.

Section 7.   The Pension Trustees may, from time to time, consult with the Trust's legal counsel and shall be fully protected in acting and relying upon advice of such counsel; acting on advice of counsel shall be prima facie evidence that said Pension Trustee or Trustees have acted in good faith.

Section 8.   The Pension Trustees may seek advice from a recognized actuarial consultant in connection with the detailed basis upon which pension and retirement payments may be made consistent with the sound administration, protection and maintenace of the Pension Trust and shall be fully protected in acting and relying upon such advice.

Section 9.   The Pension Trustees may seek judicial protection by any action or proceeding they may deem necessary to settle their accounts, or to obtain a judicial determination or declaratory judgment as to any question of construction of the Trust Agreement or instruction as to any action thereunder. The Pension Trustees shall be required to join as parties defendant in any such action or proceeding only with the Union and Association.

Section 10.   The costs and expenses of any action, suit or proceeding brought by or against the Pension Trustees or any one of them (including counsel fees) shall be paid from the Trust Funds except in relation to matters as to which it shall be adjudged in such action, suit or proceeding, that such Pension Trustee was acting in bad faith or was grossly negligent in the performance of his duties hereunder.

- 12 -

0141

Section 11.  The Pension Trustees shall not be bound by any notice, direction, requisition, advice or request, unless and until it shall have been received by the Pension Trustees at the principal place of business of the Pension Funds.

Section 12.  No person, partnership, corporation or association dealing with the Pension Trustees shall be obliged to see to the application of any funds, securities or other property paid or delivered to the Pension Trustees as a purchase price or otherwise or to see that the terms of the Trust have been complied with or be obliged to inquire into the authority of the Pension Trustees or the necessity or expediency of any act of the Pension Trustees and and every instrument effected by the Pension Trustees shall be conclusive in favor of any person, partnership, corporation or association relying thereon that (1) at the time of the delivery of said instrument, the Trust was in full force and effect; (2) said instrument was effected in accordance with the terms and conditions of the Trust Agreement, and (3) the Pension Trustees were duly authorized and empowered to execute such instrument.

ARTICLE X

APPOINTMENT, REMOVAL, RESIGNATION AND

ADMINISTRATIVE FUNCTIONS OF

PENSION TRUSTEES

Section 1.  The Pension Trustees shall consist of three persons named by the Union and three persons named by the Association, it being understood that at all times the total number of Pension Trustees named by the Association and acting as such, shall be equal to the number of Pension Trustees named by the Union and acting as such.

The Union Trustees, as named by the Union, shall be PETER J. DONOHUE, WILLIAM W. MORGAN, and JOSEPH A. THOMPSON.

The Employer Trustees shall be C. LOZUPONE, AARON POSNER, and SIDNEY SHERMAN named by the EMPLOYING PLASTERERS' ASSOCIATION, INCORPORATED, OF THE DISTRICT OF COLUMBIA.

The above named Pension Trustees, elected for a period of three (3) years from the date of this Agreement, each for himself, accepts

- 13 -

0142

their appointment as Pension Trustees and consent to act as Pension Trustees hereunder, and declare and agree that they will receive and hold the Pension Fund as Pension Trustees under and by virtue of the terms, conditions and provisions of this Agreement and Declaration of Trust and for the uses, purposes and trusts and with the power and duties herein set forth and none others.

Section 2.  The Pension Trustees shall hold an annual meeting each year during the month of January, and bi-monthly meetings thereafter, which shall be deemed regular meetings.  At the annual meeting the Pension Trustees shall select from among them a Chairman and a Co-chairman of the Pension Trustees to serve for a period of one (1) year commencing with the regular or special meeting (as hereinafter described) next held.  In even numbered years the Chairman shall be selected from among the Employer Trustees and the Co-chairman from the Union Trustees.  In odd numbered years, the Chairman shall be selected from among the Union Trustees and the Co-chairman from among the Employer Trustees.  A special meeting may be called at any time by the Chairman or by any two of the Pension Trustees upon giving five (5) days' written notice to all the other Pension Trustees.

Section 3.  Each Pension Trustee shall serve for a period of three years or until his successor shall be appointed by the Union or Association, as the case may be.

Section 4.  A Pension Trustee may resign on giving thirty (30) days' notice in writing to the remaining Pension Trustees, and the Union or Association, as the case may be.

Section 5.  Any Union Trustee may be removed from office at any time by the Union, such removal to be evidenced by an instrument in writing signed by the accredited officers of the Union and delivered to all the Pension Trustees.  Any Employer Trustee may be removed from office at any time by the Association, such removal to be evidenced by an instrument in writing signed by the accredited officers of the Association and delivered to all the Pension Trustees.

Section 6.  In case any Union Pension Trustee shall die, resign or be removed, a successor Pension Trustee shall be appointed forthwith

- 14 -

0143

by the Union, such appointment to be evidenced by an instrument in writing signed by the accredited officers of the Union.  In case any Employer Pension Trustee shall die, resign or be removed, a successor Pension Trustee shall be appointed by the Association which designated him, such appointment to be evidenced by an instrument in writing, signed by the accredited officers of the Association.  Immediately upon his acceptance of the Pension Trusteeship in writing, the successor Pension Trustee shall become vested with all the property, rights, powers and duties of a Pension Trustee hereunder with like effect as if originally named as a Pension Trustee.

Section 7.  Any action by the Pension Trustees may be taken either at a meeting or in writing without a meeting.  Concurrence of a majority of the Pension Trustees shall be required for any action taken at a meeting.  A quorum shall consist of a minimum of four Pension Trustees, - two from the Union and two from the Employers. On all action taken in which there was not unanimous concurrence, a vote shall be recorded in the minutes of the meeting registering the individual votes of the Pension Trustees.  Concurrence of all the Pension Trustees shall be required for action taken without a meeting. If an existing vacancy results from the lack of an Employer Pension Trustee, one Union Pension Trustee shall be disqualified from acting or voting until the vacancy has been filled.  If the vacancy results from the lack of a Union Pension Trustee, one Employer Pension Trustee shall be disqualified from acting or voting until the vacancy has been filled.  It is the intention of the parties that at any time any vote or other action is taken by the Board of Pension Trustees, that the number of Union Pension Trustees and Employer Pension Trustees qualified to act, vote, and constitute a quorum, shall always be equal.

Section 8.  In the event of a deadlock among the Pension Trustees on any of the affairs of the Trust, an impartial umpire to decide the matter in dispute shall be appointed by consent of all the Pension Trustees, and if the Pension Trustees have not selected am

- 15 -

0144

impartial umpire who has signified his acceptance within ten (10) days after the deadlock arose, any one or more of the Pension Trustees may petition the United States District Court for the District of Columbia for the appointment of an impartial umpire to decide such dispute, or for the Court to do so; the decision of said umpire shall be final and binding upon all interested parties.

## ARTICLE XI

### TERMINATION OF THE TRUST

Section 1.  In the event that the obligation of the Employers to make Employer contributions shall terminate, or upon any liquidation of the Trust Fund Estate, the Pension Trustees shall continue to apply the Trust Fund to the purposes specified in Article III hereof and none other, and upon the disbursement of the entire Trust Fund, this Trust shall terminate.

## ARTICLE XII

### BONDING

Section 1.  The Pension Trustees and the Employees of the Pension Fund who have authority to issue checks and handle funds of the Pension Trust shall each be bonded by a duly authorized surety company in such amounts as may be determined from time to time by the Pension Trustees.

## ARTICLE XIII

### EXECUTION AND INTERPRETATION

Section 1.  The Trust is accepted by the Pension Trustees in the District of Columbia and all questions pertaining to its validity, construction and administration shall be determined in accordance with the laws of the said District.

Section 2.  This Agreement and Declaration of Trust may be executed in one or more counterparts.  The signature of a party on any counterpart shall be sufficient evidence of his execution hereof.

Section 3.  In the event that any provisions of this Agreement and Declaration of Trust shall be held illegal or invalid for any reason, said illegality or invalidity shall not affect the remaining

0145

provisions of this Trust Agreement; and the provision or provisions held illegal or invalid shall be fully severable and the Trust Agreement shall be construed and enforced as if said illegal or invalid provisions had never been inserted herein.

## ARTICLE XIV

### AMENDMENTS

Section 1.  The provisions of this Agreement and Declaration of Trust may be amended by an instrument in writing executed by the parties hereto by their duly authorized representatives and the Pension Trustees, provided that there is attached to said instrument in writing a duly certified copy of a resolution approving such amendment adopted by the Executive Board of the Union at a regular meeting or at a special meeting called for that purpose and duly certified copies of resolutions by the Board. of Directors of the Association, except that no amendment shall divert the Pension Fund as then constituted, or any part thereof, from the purposes of the Trust.

IN WITNESS WHEREOF, the Union and the Association named herein have caused this instrument to be duly executed on their behalf, by their duly authorized officers, and the Pension Trustees named herein have hereunto set their hands and seals the day and year first above written.

EMPLOYING PLASTERERS' ASSOCIATION

By _C. E. Lazhnone_
President

_John K. Busta_ (SEAL)
Secretary-Treasurer

FLASTERERS' LOCAL UNION NO. 96

By _Theodore A. Freitag_
President

_Joseph A. Thompson_ (SEAL)
Secretary

UNION TRUSTEES:                     EMPLOYER TRUSTEES:

_Peter J. Donohue_                  _C. E. Lazhnone_
Peter J. Donohue                    C. Lazhnone

_William W. Morgan_                 _Aaron Posner_
William W. Morgan                   Aaron Posner

_Joseph A. Thompson_                _Sidney Sherman_
Joseph A. Thompson                  Sidney Sherman

- 17 -

0146