IN THE UNITED STATES DISTRICT COURT DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>HAROLD PERRY, et al. )<br><br>Defendants. ) | Civil Action No. PJM 06 CV 338 |

## DEFENDANT PERRY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT PERRY'S MOTION FOR SUMMARY JUDGMENT

Defendant Perry, through his undersigned counsel, hereby replies to the Plaintiffs' Opposition to Defendant Perry's Motion for Summary Judgment.

Defendant Perry has moved to dismiss Count II of the Complaint in which he is alleged to have breached fiduciary duties because he allegedly "failed to prudently review the investment strategy he was executing on behalf of the Plan and failed to ensure that the Plan's assets were in a diversified portfolio" (Complaint, ¶31)[1]. The basis of Defendant Perry's motion is that the ERISA statute of limitations, 29 U.S.C. § 1113, bars the action because the Plaintiff, Plasterers' Local Union No. 96 Pension Plan, had actual knowledge of the investment decisions and strategy for more than three years preceding the February 9, 2006 filing of this action. Because a plaintiff with "actual knowledge" must bring an action within three years of learning of the matter ultimately complained of, this count of the complaint is time barred.

---

[1] Defendant Perry denies the substantive allegations of this paragraph, but this motion is directed only to the time bar interposed by the statute of limitations.

1749062.3

Plaintiffs do not refute that Trustees Stovall and Hickman were on the Board of Trustees of the Plan on or before April 23, 2002, when they signed Trustees' Minutes continuing the investment strategy they now criticize. Nor do the Plaintiffs challenge the assertion that Stovall and Hickman remained as Trustees when the decision to initiate this law suit was made and that they remain as Trustees as of the present. Thus, Plaintiffs concede that these two trustees who have been continuously on the Board since April 2002 or before had actual knowledge of the investment policy now criticized for more than three years prior to the filing of this law suit. Nor is there any question that 29 U.S.C. § 1113 imposes a three-year limit on actions filed where the Plaintiff has "actual knowledge" of the conduct which is alleged to have been wrongful. Instead, the Plaintiff contends that the knowledge of Messrs. Hickman and Stovall can be corralled so that the Plaintiffs can hire two new trustees to bring the action while continuing to utilize the services of Hickman and Stovall as trustees. In short, the Plaintiffs contend that the knowledge of a sitting trustee on the subject of the law suit cannot be imputed to the Plaintiff Plan.

The facts bearing upon this statute of limitations are not in dispute. Indeed, Plaintiffs have not challenged any of them. They are set forth in Defendant Perry's Memorandum in Support of Motion for Summary Judgment, pages 2-5. That recitation will not be repeated, but some factors deserve emphasis in light of Plaintiff's Opposition. In the fall of 2005 when the decision was made to bring this law suit, three of the six members on the Board were trustees who had been in office in 2002 and prior thereto: Messrs. Hickman, Stovall and Pepper. Mr. Pepper was a contractor representative; Messrs. Hickman and Stovall were union representatives. Notwithstanding that Messrs. Hickman and Stovall were fully involved in the decision to continue the Plan's investments in certificates of deposit and treasury bills -- conduct

alleged to have breached a fiduciary duty[2] -- the Plan decided to leave these two Trustees in place but not to name them as defendants. Thus, they could safely vote to sue their co-trustees and Mr. Perry while obtaining insulation for the very conduct they claim was a breach of a fiduciary duty. Now, the Plan, as Plaintiff, seeks to assert that it is not affected by the knowledge and participation these trustees had (and have) in the decision to maintain a particular investment program -- actual knowledge, without doubt -- even though the Plan has chosen not to terminate them and thus to embrace them, and their conduct while seeking to obtain a judgment from Mr. Perry and from the Trustee Defendants. Defendant Perry contends that because the Plan itself is a Plaintiff and because the Plan is a Trust whose knowledge must be measured by reference to its current board members, the knowledge of the current trustees must be imputed to the Plan.

## ARGUMENT

While ERISA pre-empts state law with respect to matters peculiarly within the scope of ERISA, the pre-emption rule is not nearly so broad as stated by Plaintiffs. (See, Plaintiffs' Opposition, pp.3- 8). 29 U.S.C. § 1144(a) refers to ERISA's pre-emption of matters that "relate to" the scheme embodied in ERISA, not to everything. The breadth of Shaw v. Delta Air Lines, 463 U.S. 85 (1983) relied upon by the Plaintiff has been substantially modified by later Supreme Court cases. See, e.g. New York State Blue Cross Plans v. Travelers Insurance, 514 U.S. 645 (1995); California Division of Labor Standards Enforcement v. Dillingham Construction, 519 U.S. 316 (1997). The scope of pre-emption is limited to state laws that may "relate to any employee benefit plan" 29 U.S.C. § 1144 (a), and there are limits to the scope of pre-emption. Indeed, some circuits have held that there is a "rebuttable presumption that Congress did not

---

[2] That maintaining the plan assets in secure investments is alleged to be a breach of fiduciary might look odd in the context of current events in the stock market; but that is not a matter of concern to this statute of limitations argument and may never need to be litigated.

1749062.3

intend to pre-empt areas of traditional state regulation." Local Union 598 v. J.A. Constr. Co., 846 F.2d. 1213 (9th Cir. 1988) and that state law must stand unless a different intent of Congress can be affirmatively shown by the party asserting pre-emption. The imputation concept referred to by Defendant Perry is a staple of common law, embraced by Maryland courts and by federal courts. It is not unique to ERISA plans nor even peculiarly within the scope of pension plans. The cases cited by Plaintiff do not indicate that the imputation concept so well imbedded in the law can never apply to ERISA plans. The sole Maryland federal case cited by Plaintiffs, Stiltner v. Beretta U.S.A. Corp., 844 F. Supp. 242 (D. Md. 1994) (Plaintiffs' Opposition, page 4) concerns the application of pre-emption to preclude a non-ERISA action for an employment benefit, holding that only an ERISA action could have been brought. The case has nothing to do with imputation and does not lay down any global precepts relating to it. At least one federal court, the United States District for the District of Maine, has applied the imputation concept of corporate law to engraft the knowledge of certain trustees to the Plan itself. Breed v. Dawson, 1994 WL 129770 (D. ME. 1994) indicating that a time bar should be applied because of such knowledge.

Nor do the cases cited by Plaintiff refute this approach. Indeed, the case quoted at length by Plaintiffs, Crimi v. PAS Industries, Inc., 1995 WL 272580 (S.D.N.Y 1995) recognizes that the ERISA statute is not explicit respecting the imputation issue: "It is unclear from the statute whether knowledge of one trustee may be considered knowledge by all trustees." 1995 WL 272580, page 3. Although the District Court in Crimi declined to impute the knowledge of one trustee to another, that opinion is not binding on this court. Nor is there a case cited by Plaintiffs in this Circuit or in this District that would preclude the application of imputation. Contrary to Plaintiffs' assertion (Plaintiff's Opposition, page 8), Defendant Perry is not claiming that his own

1749062.3

knowledge should be imputed to the trustees who are now in office, or even that the knowledge of another trustee, for example Trustee Pepper who was in office when the law suit was filed but who was later dismissed from the Board, should be imputed. Rather, our argument is that when the Board of Trustees elected to keep Messrs. Hickman and Stovall in office after learning of their participation in the very decisions the Trustees now criticize, the imputation doctrine should be applied to preclude the current Trustees from divorcing themselves from the Trustees they have elected to retain in office. The adverse interest doctrine which is sometimes invoked to prevent imputation of an officer's knowledge to a corporation where the officer was acting for his own interests but to the detriment of the corporation does not apply, for here, the Trustees have, by their embrace of Messrs. Hickman and Stovall demonstrated that their interests were not adverse to those of the Plan.

Where at least two members of the Board of Trustee of the Plan in office at the time the law suit has filed have actual knowledge of the matter which is the subject of the law suit, it is not unreasonable to apply state law principles of imputation to affect the named plaintiff, the Plasterers' Local Union No. 96 Pension Plan, with the knowledge that a substantial portion of its trustees have.

Nothing more clearly demonstrates the inadequacy of the Trustees' position than the resort as "authority" to the expert testimony of Mr. Henry Rose, the father of Plaintiffs' counsel. It is certainly questionable whether Henry Rose could even testify as an expert in this case because of the obvious bias he has by virtue of his relationship to the Plaintiffs' lawyer and thus whether a report of someone so closely related to the Plaintiff can be given any weight on any subject. Moreover, the subject the report of Mr. Rose (the father) is his opinion of what the law is or ought to be – a totally inappropriate subject for expert testimony in any event. Thus,

1749062.3

Plaintiffs' reliance on what Mr. Rose (the father) finds "astonishing" (Plaintiffs' Opposition, page 8) is of no moment.

Fundamentally, the issue of whether the knowledge of two sitting trustees who were part of the decision makers whose decision is now the subject of this litigation (even though these two trustees have conveniently been spared from liability) should be imputed to the Plan when it is a named plaintiff is one that has prompted varying decisions by different district courts and on which no opinion in this District or this Circuit can be found. As noted in Crimi, the statute is unclear, so logic must apply. Congress provided two statutes of limitation for ERISA, one for actual knowledge (three years) and one where actual knowledge was lacking (six years). The purpose of the shorter statute is to prompt action where actual knowledge is present and to avoid bringing stale claims where defendants like Mr. Perry might be penalized by fading memories, unavailable witnesses or missing documents. Allowing the circumvention of the statute by permitting a new trustee to be selected to avoid the time bar that would otherwise apply would contravene the policy of the statute. Imputing to the Plan the knowledge that two of its trustees have is consistent with the statutory purposes and with the case law cited in Defendant Perry's original motion and in this reply. If Hickman and Stovall's knowledge is imputed to the Plaintiff Plan, Count II is time barred and should be dismissed with prejudice.

Defendant Perry Adopts the Arguments of Defendant Trustees Asserted in their Reply to Plaintiffs' Opposition to Defendant Trustees' Motion for Partial Summary Judgment.

Defendant Perry adopts by reference the arguments asserted in the Trustees' Reply to Plaintiffs' Opposition to Defendant Trustees' Motion for Partial Summary Judgment on March 31, 2008.

## CONCLUSION

For the reasons stated herein and those previously advanced by Defendant Perry and those adopted by him is set forth above, we respectfully request Defendant Perry's Motion for Summary Judgment be granted as to Count II of the Complaint and that count should be dismissed with prejudice as to him. For the reasons previously advanced and adopted as set forth above, Count I and III should also be dismissed with prejudice as to Defendant Perry.

Respectfully submitted,

/s/ Peter R. Kolker
Peter R. Kolker (00906)
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-5802
Telephone:   (202) 778-1812
Facsimile:   (202) 822-8106

*Attorney for Defendant Harry C. Perry, Jr.*

Dated: March 31, 2008

1749062.3

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2008, I served a copy of the foregoing on **DEFENDANT PERRY'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT PERRY'S MOTION FOR SUMMARY JUDGMENT** the following persons by mail and, where indicated below, electronically:

| | |
|---|---|
| Jonathan G. Rose, Esq.<br>SHEPPARD MULLIN RICHTER & HAMPTON<br>1300 "I" Street, N.W.<br>11th Floor East<br>Washington, D.C. 20005<br>(202) 772-5390<br>E-Mail: jrose@sheppardmullin.com<br><br>*Counsel for Plaintiffs* | John C. Hayes, Jr., Esq.<br>NIXON PEABODY LLP<br>401 Ninth Street, N.W., Suite 900<br>Washington, D.C. 20004-2128<br>(202) 585-8000<br>E-Mail: dhayes@nixonpeabody.com<br><br>*Counsel for Defendants Edgar Pepper,*<br>*James S. Letora, Donald A. Molnar and*<br>*Roland Beddow* |

/s/ Peter R. Kolker
        Peter R. Kolker