**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)**

| | ) | |
|---|---|---|
| **PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. PJM 06 CV 338 |
| v. | ) ) ) | |
| **HAROLD PERRY,** *et al.*, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITIONS TO
PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION**

Plaintiffs, the Plasterers' Local Union No. 96 Pension Plan (the "Plan"), Cherie Pleasant and James Miller as trustees, on behalf of the Plan (collectively, the "Plaintiffs"), by and through undersigned counsel, respectfully submit Plaintiffs' Reply to Defendants' Oppositions to Plaintiffs' Motion for Partial Reconsideration. Plaintiffs submit this reply to the oppositions filed separately by (i) Defendants Donald Molnar, James Lertora, Edgar Pepper, and Ronald Beddow (collectively, the "Defendant Trustees"); and (ii) Defendant Harry C. Perry, Jr. In their oppositions, the Defendants have provided absolutely no legal basis for denying Plaintiffs' Motion for Partial Reconsideration (the "Plaintiffs' Motion") and, for all of the reasons set forth in the Memorandum of Law in Support of Plaintiffs' Motion ("Plaintiffs' Memorandum"), Plaintiffs respectfully request that the Court grant Plaintiffs' Motion.

**I.     DEFENDANT TRUSTEES' OPPOSITION**

**A.     In Raising Equitable Principles for the First Time, the Defendant Trustees Do Not Dispute Either the Unanimous Case Law Supporting Plaintiffs' Position or Plaintiffs' Arguments That it Would Be Inequitable to Impute the Plan With the Knowledge of Non-party Trustees Keith Hickman and/or Steve Stovall**

The Defendant Trustees argue that "Plaintiffs' arguments addressing whether as a general matter courts decline to impute knowledge of one trustee to another or to the Plan . . . do not inform the central issue of whether equitable principles warrant departure from the standard ERISA limitations period in this case."  Memorandum in Support of Defendant Trustees' Opposition to Plaintiffs' Motion for Partial Reconsideration ("Defendant Trustees' Opposition"), Docket Entry #111-2, at p. 2.  This is remarkable because, only *after* the completion of all summary judgment briefing and argument, it constitutes the first attempt by any of the Defendants to argue that equitable principles play any role in the application of the statute of limitations.  See Plaintiffs' Memorandum, Docket Entry #109-2, at pp. 6-7 (noting that Defendants had never raised equitable arguments, but instead had argued for imputing the Plan with the knowledge of Messrs. Hickman and Stovall as a matter of law).

Furthermore, as established in Plaintiffs' Memorandum, the case law cited to by Plaintiffs is more than how courts deal with this scenario "as a general matter."  Instead, this unanimous and overwhelming authority clearly establishes that, as a matter of law, the Plan can *only* be imputed with the knowledge of the fiduciaries who bring an action on behalf of the Plan.  See id. at pp. 2-6.  Furthermore, the Defendant Trustees also do not refute Plaintiffs' position that imputing the Plan with the knowledge of Messrs. Hickman and Stovall would both be inequitable and in direct contradiction of the underlying principles of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.  See Plaintiffs' Memorandum at pp. 8-11.

B.     **Summary Judgment is a Proper Venue for a Determination That the Defendants Imprudently Failed to Diversify Plan Assets in Violation of Their Duties Under ERISA**

The Defendant Trustees also contend that the initial denial of Plaintiffs' Motion for Partial Summary Judgment was correct because "summary judgment has no place in resolving the failure-to-diversify claim in light of the parties' 'sharply contradictory evidence' on this point." Defendant Trustees' Memorandum at p. 3.  The Defendant Trustees are also grossly mistaken on this issue.  As established by Plaintiffs in their Reply to Defendant Trustees' Opposition to Plaintiffs' Motion for Partial Summary Judgment, summary judgment is a proper basis to conclude that fiduciaries breached their duty to diversify the assets of a plan.  See Plaintiffs' Reply to Defendant Trustees' Opposition to Plaintiffs' Motion for Partial Summary Judgment, Docket Entry #102, at p. 10, n. 28; Springate v. Weighmasters Murphy, 217 F. Supp. 2d 1007, 1023-1024 (C.D. Cal. 2002) (granting Plaintiffs' motion for summary judgment as to claim that Defendants failed to diversify Plan assets); Pension Ben. Guar. Corp. v. Greene, 570 F. Supp. 1483, 1498-99 (W.D. Pa. 1983) (same).  Furthermore, while asserting that the parties have "sharply contradictory evidence" on this point, the Defendant Trustees do not dispute the substantial evidence, noted in Plaintiffs' Memorandum, that *the Defendants themselves as well as the Defendants' own expert acknowledged that the Defendants both failed to diversify Plan assets and that the Defendants' failure was imprudent*.  See Plaintiffs' Memorandum at pp. 20-24.

C.     **Plaintiffs Raised No New Arguments in Plaintiffs' Memorandum**

The Defendant Trustees attempt to suggest that Plaintiffs "raise[d] new arguments, which have no place in a motion for reconsideration." Defendant Trustees' Memorandum at p. 1.  Without identifying this alleged new argument, it appears to be Plaintiffs' pointing out that the

3

joinder of Messrs. Hickman and Stovall at this late date would be improper for numerous, well-established procedural reasons.  However, this was not a new argument raised by Plaintiffs.  In its opinion (the "Opinion") denying Plaintiffs' Motion for Partial Summary Judgment, the Court noted that the "Defendant Trustees may wish to consider joining Hickman and Stovall as co-Defendants in the case."  Docket Entry #106 at p. 12, n. 8.  Thus, this was clearly not a new argument raised by Plaintiffs.  Rather, Plaintiffs expressly limited their argument on this issue only "to the extent that the Court denied Plaintiffs' Motion for Partial Summary Judgment so that the Defendants could join Messrs. Hickman and Stovall as co-defendants at this extremely late date."  Plaintiffs' Memorandum at p. 15.

## II.     DEFENDANT PERRY'S OPPOSITION

### A.     Adoption of Defendant Trustees' Opposition

In his Opposition to Plaintiff's Motion for Partial Reconsideration ("Defendant Perry's Opposition"), "Defendant Perry adopts by reference the arguments made by the Defendant Trustees in" the Defendant Trustees' Memorandum.  Docket Entry #112 at p. 1.  Plaintiffs extend their arguments made in response to the Defendant Trustees' Memorandum in Section I of this Reply to Defendant Perry.  Apart from his express adoption of the Defendant Trustees' Memorandum, Defendant Perry also separately argues, as did the Defendant Trustees, that whether the Defendants purported investment "strategy" was sufficiently diversified as to be prudent must be resolved at trial.  Defendant Perry's Opposition at pp. 2-3.  In response, Defendants specifically refer to the arguments made in Section I.B. of this Reply, providing that summary judgment is a proper basis to conclude that Defendants imprudently failed to diversify Plan assets.

**B.     Defendant Perry Never Raised Equitable Arguments in Favor of Imputing the Plan With the Knowledge of Messrs. Hickman and Stovall**

Defendant Perry disingenuously argues that in his Memorandum of Points and Authorities in Support of Defendant Perry's Motion for Summary Judgment he "specifically adverted to equitable considerations in referring to the conduct of Messrs. Stovall and Hickman." Defendant Perry's Opposition at p. 2. However, a simple review of that Memorandum clearly establishes this is not the case. The supposed equitable concerns which Defendant Perry referred to were, in fact, nothing of the sort. The "concerns" Defendant Perry refers to actually were in the middle of a series of Maryland state law cases erroneously cited to by Defendant Perry in which he sought to apply Maryland agency law principles to the Plan. See Docket Entry #88-3 at pp. 6-8. Thus, these alleged "equitable concerns" were, in fact, Defendant Perry's attempt to argue Maryland *law*, not equity, in an attempt to support his defense in this case.

Undoubtedly aware that any assertion that Maryland agency law principles apply to the Plan would result in ERISA preemption, Defendant Perry has attempted to recharacterize these purely legal arguments as equitable arguments. See Plaintiffs' Memorandum in Opposition to Defendant Harry C. Perry Jr.'s Motion for Summary Judgment, Docket Entry #95, at pp. 3-5 (noting that the Maryland agency law principles cited to by Defendant Perry were preempted by ERISA); see also Plaintiffs' Memorandum at pp. 5-6. There can be no question that, prior to any expression of concern by the Court on this issue, none of the Defendants raised *any* equitable arguments to support their position that the Plan should be imputed with the knowledge of Messrs. Hickman and Stovall.

**C.     It is Well Established That Summary Judgment is a Proper Venue for Concluding That Defendant Perry Was a Fiduciary of the Plan**

Defendant Perry also argues that a determination as to whether he was a fiduciary of the Plan must be made at trial, rather than at summary judgment. See Defendant Perry's Opposition

5

at p. 2.  However, in making this argument, Defendant Perry does not refute any of Plaintiffs' vast array of case law from the Fourth Circuit and this District, or any of the regulatory guidance from the Department of Labor clearly establishing that Defendant Perry, as Plan administrator, was a fiduciary of the Plan because, *ipso facto*, a Plan administrator is a fiduciary of the Plan. See Plaintiffs' Memorandum at pp. 15-17.  Furthermore, Defendant Perry in no way refutes any aspect of the evidence cited to by Plaintiffs, including admissions by Defendant Perry himself and testimony of the Defendant Trustees, as to Defendant Perry's role in making investment decisions on behalf of the Plan which clearly constitutes fiduciary acts.  Id. at pp. 17-19.

### III.   CONCLUSION

For all of the reasons set forth herein, Plaintiffs respectfully submit that Defendants have provided no basis to deny Plaintiffs' Motion.  Thus, for all of the reasons set forth in Plaintiffs' Memorandum, Plaintiffs respectfully request that the Court reconsider those portions of its Opinion referred to in Plaintiffs' Memorandum and, upon reconsideration, grant Plaintiffs' Motion for Partial Summary Judgment as to the following issues: (i) that Plaintiffs' claims as to Defendants' failure to diversify Plan assets was timely filed; (ii) that Defendant Perry was a fiduciary of the Plan; and (iii) that Defendants breached their fiduciary duties by failing to prudently diversify as required under ERISA.  Upon granting Plaintiffs' Motion for Partial Summary Judgment as to these three issues, Plaintiffs respectfully request that the Court award to Plaintiffs $432,960.02, plus interest, for the three-year period ending December 31, 2005, as well as attorneys' fees and costs to Plaintiffs, pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

                Respectfully submitted,

Dated: February 11, 2009                            /s/
                                                  Jonathan G. Rose (MD Bar No. 15138)
                                                  Sheppard Mullin Richter & Hampton LLP
                                                  1300 I Street, NW, 11th Floor East
                                                  Washington, DC 20005
                                                  Telephone: (202) 772-5390
                                                  jrose@sheppardmullin.com
                                                  *Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2009, I caused a copy of the foregoing Plaintiffs' Reply to Defendants' Oppositions to Plaintiffs' Motion for Partial Reconsideration to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

>John C. Hayes, Esq.
>Nixon Peabody LLP
>401 Ninth Street, N.W., Suite 900
>Washington, D.C. 20004-2128
>
>Peter R. Kolker, Esq.
>Zuckerman Spaeder LLP
>1800 M Street, NW, Suite 1000
>Washington, D.C. 20036-5802



/s/
Jonathan G. Rose