**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(Southern Division)**

|  |  |  |
|---|---|---|
| **PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN**, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. PJM 06 CV 338 |
| v. | ) ) ) | |
| **HAROLD PERRY**, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT TRUSTEES'
REQUEST FOR EXPEDITED BRIEFING AND MOTION TO REOPEN DISCOVERY
AND FOR LEAVE TO TAKE STEVEN STOVALL'S DEPOSITION**

Plaintiffs, the Plasterers' Local Union No. 96 Pension Plan (the "Plan"), Cherie Pleasant and James Miller as trustees, on behalf of the Plan (collectively, the "Plaintiffs"), by and through undersigned counsel, respectfully submit Plaintiffs' Opposition to Defendant Trustees' Request for Expedited Briefing and Motion to Reopen Discovery and For Leave to Take Steven Stovall's Deposition. For the reasons set forth in this Opposition, Plaintiffs respectfully submit that the Motion (the "Defendant Trustees' Motion") filed by Defendants Donald Molnar, James Lertora, Edgar Pepper, and Ronald Beddow (collectively, the "Defendant Trustees") should be denied because: (a) the Defendant Trustees lack good cause to seek expedited briefing; (b) the Defendant Trustees have systemically acted with a lack of the diligence required to make the requisite showing of good cause necessary to obtain leave to reopen discovery, including by failing to act diligently in filing the Motion at issue; and (c) the Plaintiffs would be prejudiced if the Court were to grant Plaintiffs' Motion.

**ARGUMENT**

**A.    The Defendant Trustees Lack Good Cause to Seek Expedited Briefing**

As the Defendant Trustees themselves acknowledge, a motion to expedite briefing can only be granted upon a showing of good cause. See Memorandum in Support of Defendant Trustees' Motion to Reopen Discovery (hereinafter, the "Defendant Trustees' Memorandum") at 7 ("Fed. R. Civ. P. 6(c)(1)(C) permits defendants to apply for a court order to shorten the response time to [the Defendant Trustees'] motion for good cause."); In re Bart, 304 F.2d 631, 637 (D.C. Cir. 1962) (noting that the time allowed for filing may be shortened upon a showing of good cause) (cited in Defendant Trustees' Memorandum at 7); Anderson v. Davila, 125 F.3d 148, 156-67 (3d Cir. 1997) (same) (cited in Defendant Trustees' Memorandum at 7).

Unfortunately for the Defendant Trustees, they have failed to present anything remotely approaching good cause as to necessitate expedited briefing on their Motion. The basis for the Defendant Trustees' request is that "[a]n expedited schedule for briefing this motion will help ensure that the deposition takes place well before trial." Defendant Trustees' Memorandum at 7. See also Defendant Trustees' Motion at 1-2 ("Defendants respectfully request that the court shorten the response time pursuant to Fed. R. Civ. P. 6(c)(1)(C) and LCvR 105(2)(a) on this motion so that it may be decided leaving ample time for trial preparations.")

On January 5, 2009, the Court issued its Opinion in response to the parties' dispositive cross-motions for summary judgment. See Docket Entry #106. In that Opinion, the Court made reference to questions involving non-party trustees Keith Hickman and Steve Stovall. The Defendant Trustees have provided no cause whatsoever, let alone good cause, as to why they did not file their Motion shortly after the issuance of the Opinion so as to avoid interference with trial preparation instead of waiting nearly 3 months before filing their Motion. Furthermore, as

the Defendant Trustees acknowledge, "during the court's telephonic status conference held on January 21, 2009, the court noted that it was amenable to allowing the defendants to conduct limited further discovery to depose Mr. Stovall, but instructed defendants to file a motion to reopen discovery to allow plaintiffs an opportunity to object to further discovery on the record." Defendant Trustees' Memorandum at 4.  It was at this same telephonic status conference that the trial date of June 2-5, 2009 was also set which should have provided the Defendant Trustees with the impetus to act quickly if they were to seek to depose Mr. Stovall if they believed that such a deposition was necessary.  Instead, the Defendant Trustees waited over 2 months following this telephonic status conference before they filed their Motion, and have provided absolutely no cause underlying the reason for this delay.  Additionally, over one month passed between the Court's February 23 ruling on Plaintiffs' Motion for Reconsideration, and the filing of the Defendant Trustees' Motion.  Again, the Defendant Trustees have provided absolutely no reason to explain this delay.

Instead of timely filing their Motion to comport with their purported trial preparation needs, the Defendant Trustees instead did not file their Motion until 7:20 p.m. on Thursday, April 2, 2009.  After having nearly 3 months from the issuance of the Opinion and more than 2 months from the January 21 telephonic status conference to draft their Motion, the Defendant Trustees now seek to limit Plaintiffs' response time to 3 business days by seeking to require Plaintiffs to produce an opposition no later than Tuesday, April 7.

The Defendant Trustees have put forward absolutely no cause whatsoever, let alone good cause, to explain their need for expedited briefing.  This, of course, is not surprising, given the fact that the date of filing of the Defendant Trustees' Motion was entirely their own decision.  It is submitted that the Defendant Trustees could have, and should have filed their Motion at

3

anytime following the issuance of the Opinion. Significantly, there is absolutely no reason that the Defendant Trustees could not have deposed Mr. Stovall during the initial discovery period set by the Court which ended on October 5, 2007. The only basis for the Defendant Trustees' request is that they failed to file their Motion with sufficient time to accommodate their trial preparation, which of course would not be necessary if the Defendant Trustees had been diligent by taking Mr. Stovall's deposition during the extended discovery period.

This consistent lack of diligence by the Defendant Trustees cannot constitute good cause. Indeed, the law not only of this District, but of this case, makes clear that such lack of diligence is not good cause. On October 29, 2007, the Defendant Trustees filed a Motion to Modify the Scheduling Order and Schedule the Deposition of Norman Stein. See Docket Entry #69. On January 10, 2008, Magistrate Judge Day denied that Motion on the basis that the Defendant Trustees lacked good cause to modify the scheduling order, holding that "[t]he primary consideration of the good cause standard is the diligence of the movant. If the moving party was not diligent, the inquiry should end." Docket Entry #84, at p. 1 (quoting Rassoull v. Maximus, Inc., 209 F.R.D. 372, 374 (D. Md. 2002)). This ruling by Magistrate Judge Day also comports with the case law of this District. See Rassoull, 209 F.R.D. at 374 ("Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard."); Potomac Elec. Power Co. v. Elec. Motor Supply, Inc., 190 F.R.D. 372, 375-76 (D. Md. 1999) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.") Thus, as the only reason that the Defendant Trustees request expedited briefing is their own lack of diligence in timely filing their Motion, it should be denied.

**B.      The Defendant Trustees Have Repeatedly and Systemically Acted Without Diligence in Handling Discovery Matters in this Case, Including in Filing the Current Motion**

Plaintiffs recognize that the Court has noted that it would be inclined to permit the Defendants to depose Mr. Stovall, notwithstanding the fact that discovery closed in this case on October 5, 2007 so as to establish the most complete record possible. Plaintiffs respectfully submit that the Defendant Trustees' lack of diligence in timely filing their Motion is indicative of the Defendant Trustees' overall lack of diligence in handling discovery in this case. As noted above, had the Defendant Trustees acted diligently and timely filed their Motion in short order after the issuance of the Opinion on January 5 or the January 21 telephonic status conference, they would not have been left with the choice between either seeking expedited briefing to make up for their lack of diligence or interfering with their trial preparation.

This is not the only way in which the Defendant Trustees have failed to be diligent with regards to discovery. As noted above, on October 29, 2007, the Defendant Trustees filed their Motion for Extension of Time to Complete Discovery and Schedule the Deposition of Norman Stein. See Docket Entry #69. In this Motion, the Defendant Trustees sought to schedule the deposition of one of Plaintiffs' experts after the close of discovery for no other reason than they had simply failed to do so during the time for discovery under the Scheduling Order. On January 10, 2008, Magistrate Judge Day denied Defendants' Motion on the basis that "[a] motion to amend an existing scheduling order shall not be granted unless the movant has demonstrated good cause for the modification." Docket Entry #84 at p. 1.

As noted above, Magistrate Judge Day denied the Defendant Trustees' motion on the basis that "[t]he primary consideration of the good cause standard is the diligence of the movant. If the moving party was not diligent, the inquiry should end." Docket Entry #84, at p. 1 (quoting Rassoull, 209 F.R.D. at 374). See also Rassoull, 209 F.R.D. at 374 ("Lack of diligence and

5

carelessness are hallmarks of failure to meet the good cause standard."); Potomac Elec. Power Co., 190 F.R.D. 372, 375-76 (D. Md. 1999) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.")  Magistrate Judge Day concluded that the Defendant Trustees had "simply neglected to" act in accordance with the Scheduling Order due to their "lack of diligence, which falls far short of the good cause standard required to modify the Court's Scheduling Order."  Docket Entry #84, at p. 1.

The same justification holds true in this case.  The Defendant Trustees contend that they "learned for the first time the true scope of plaintiffs' actions with respect to Mr. Hickman and Mr. Stovall . . . near the end of discovery during the deposition of Mr. Hickman, which took place on October 3, 2007."  See Defendant Trustees' Memorandum at p. 6.  However, the Defendant Trustees provide no cause whatsoever, let alone good cause, as to why they failed to depose Mr. Stovall during the discovery period.  Clearly, as they deposed Mr. Hickman, they could have also deposed Mr. Stovall, but simply failed to do so.  Furthermore, the Defendant Trustees provide no reason why, instead of seeking leave to depose Mr. Stovall immediately after the October 3, 2007 deposition of Mr. Hickman, when they say they learned of Mr. Stovall's relationship to this case, they instead waited 18 months to seek leave.  Nor do the Defendant Trustees provide any reason why it took them nearly 3 months from the issuance of the Opinion and over 2 months from the telephonic status conference to seek leave to depose Mr. Stovall.  It is abundantly clear that the Defendant Trustees have repeatedly failed to act diligently in their handling of discovery in this case.

Plaintiffs fully understand and respect the Court's statements that it would generally prefer to allow Mr. Stovall's deposition in order to produce the most complete record possible.  However, Plaintiffs respectfully submit that, as this is a deposition sought by the Defendant

Trustees, it was the Defendant Trustees' obligation to act in a manner which would allow for a complete record.  Through their systemic lack of diligence in handling discovery matters in this case, the Defendant Trustees have prevented the Court from obtaining such a record.  Thus, Plaintiffs respectfully submit that the Defendant Trustees should not be rewarded for their lack of diligence by obtaining leave to take Mr. Stovall's deposition at this incredibly late date, particularly as such a result would be inapposite to the clear case law of this District which provides that when there is a lack of diligence, good cause cannot exist and, without good cause, leave cannot be granted.

C.    **The Plaintiffs Would Be Prejudiced By Reopening Discovery**

The Defendant Trustees also erroneously claim that the Plaintiffs would not be prejudiced by the reopening of discovery.  This is simply untrue -- Plaintiffs would be required to take on the unnecessary expenses of defending Mr. Stovall's deposition as well as dealing with any matters ancillary to that deposition.  Such expenditures constitute a well-recognized source of prejudice throughout the Fourth Circuit.  See Xerox Corp. v. ImaTek, Inc., 220 F.R.D. 244, 245 (D. Md. 2004) (holding that plaintiff "would be prejudiced by the additional and unnecessary costs required to respond to" defendant's actions, if permitted); Plotkin v. Assoc. of Eye Care Ctrs., Inc., 710 F. Supp. 156, 159 (E.D.N.C. 1989) ("The reopening of discovery . . . would lead to additional delay and expense by all parties . . . and is a recognized source of prejudice to the opposing party."); Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 311 (M.D.N.C. 2002) (noting that additional costs constitute a form of prejudice); Burns v. AAF-McQuay, Inc., 980 F. Supp. 175, 178 (W.D. Va. 1997) (same).

## **CONCLUSION**

For the reasons set forth in this Opposition, Plaintiffs respectfully submit that as the Defendant Trustees have failed to act with reasonable diligence in filing their Motion, they

cannot establish good cause to either receive an expedited briefing schedule or to receive leave to depose Mr. Stovall.  Furthermore, Plaintiffs respectfully submit reopening discovery would result in prejudice to the Plaintiffs.  Therefore, Plaintiffs respectfully request that the Court deny the Defendant Trustees' Motion.

                Respectfully submitted,


Dated: April 7, 2009              /s/
                Jonathan G. Rose (MD Bar No. 15138)
                Sheppard Mullin Richter & Hampton LLP
                1300 I Street, NW, 11th Floor East
                Washington, DC 20005
                Telephone: (202) 772-5390
                jrose@sheppardmullin.com
                *Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of April, 2009, I caused a copy of the foregoing Plaintiffs' Opposition to Defendant Trustees' Request for Expedited Briefing and Motion to Reopen Discovery and For Leave to Take Steven Stovall's Deposition to be filed with the Court, via the Court's ECF system, which will send copies to the following counsel of record:

> John C. Hayes, Esq.
> Nixon Peabody LLP
> 401 Ninth Street, N.W., Suite 900
> Washington, D.C. 20004-2128
>
> Peter R. Kolker, Esq.
> Zuckerman Spaeder LLP
> 1800 M Street, NW, Suite 1000
> Washington, D.C. 20036-5802


                              /s/
                        Jonathan G. Rose