**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**
(Southern Division)

| | |
|---|---|
| PLASTERERS' LOCAL UNION NO. 96 ) <br> PENSION PLAN, *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HAROLD PERRY, *et al.* ) <br> ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. PJM 06 CV 338 |

**DEFENDANT TRUSTEES' REPLY TO PLAINTIFFS' OPPOSITION TO
MOTION TO REOPEN DISCOVERY AND
FOR LEAVE TO TAKE STEVEN STOVALL'S DEPOSITION[1]**

In their Opposition, the plaintiffs do not dispute the facts supporting defendants' motion:

- The Court approved the taking of Steven Stovall's deposition in principle during a telephonic status conference on January 21, 2009.

- The deposition of Mr. Stovall will help to ensure that the most complete record is before the Court and has the potential to greatly simplify trial. In particular, Mr. Stovall's deposition will inform the critical issue of whether, under ERISA statute of limitations jurisprudence or general equitable principles, the knowledge of Keith Hickman and Mr. Stovall may be imputed to the plaintiffs and bar some or all of plaintiffs' claims.

- The deposition of Mr. Stovall would require a maximum of four hours and, thus, could be concluded in one half day.

Nor do plaintiffs dispute that defendants learned for the first time the true scope of plaintiffs' actions with respect to Mr. Hickman and Mr. Stovall near the end of discovery during the deposition of Mr. Hickman. Rather, plaintiffs' position, based on an incorrect application of the governing standard, is that the above facts are irrelevant. Since the defendants "systematically" failed to meet their case

---

[1] Defendant Trustees are authorized to state that Defendant Perry supports this reply.

development responsibilities, plaintiffs say, the Court is "prevented" from obtaining a complete record by allowing the deposition of Mr. Stovall to take place. Plaintiffs go on to say that defendants' "lack of diligence" also means that an expedited briefing schedule is improper. Plaintiffs' position is contrary to Fed. R. Civ. P. 1, Fed. R. Civ. P. 6(c)(1)(C), Fed. R. Civ. P. 16(b), LCvR 105(2)(a), the case law interpreting those provisions, and the inherent power of the Court to control the timing and scope of discovery.

## ARGUMENT

### I.     Defendants Satisfy Rule 16(b)'s "Good Cause" Requirement

The gist of the plaintiffs' opposition is that the defendants neglected their case development responsibilities, and that under the "good cause" standard set forth in Fed. R. Civ. P. 16(b), the Court and defendants are stuck with a critical issue undeveloped in the record.

The plaintiffs' argument fails. First, defendants satisfy Rule 16(b)'s "good cause" requirement because defendants had no justifiable reason to depose Mr. Stovall until after Mr. Hickman's deposition took place and the discovery period closed. Indeed, plaintiffs do not even dispute that defendants learned of the need to depose Mr. Stovall near the end of the discovery period after Mr. Hickman's deposition revealed that Mr. Hickman and Mr. Stovall partook in the alleged misconduct underpinning plaintiffs' claims. (Opp. at 6.) In this district, this fact alone is sufficient to constitute "good cause." *See, e.g., Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 539 (D. Md. 2006) (finding "good cause" under Rule 16(b) based on "new information revealed in discovery" even though the Rule 16(b) request occurred "late in the proceedings" and where the request was not likely "to require much . . . additional discovery."); *Burton v. Youth Servs. Int'l*, 176 F.R.D. 517, 521 (D. Md. 1997) (noting that if "further discovery is necessary because of facts justifiably learned for the first time near the end of discovery, a judge should exercise her discretion to reopen discovery and otherwise amend the existing schedule.");

*accord Reynolds v. Borough of Avalon,* 799 F. Supp. 442, 450 (D. N.J. 1992) (finding Rule 16(b) "good cause" present based upon deposition testimony occurring near the cutoff date in the scheduling order); *Parkway Gallery Furniture v. Kittinger/Pennsylvania House Group*, 116 F.R.D. 363, 363 (M.D.N.C. 1987) (granting permission to conduct additional discovery because "extenuating circumstances" prevented the moving party from meeting the scheduling order deadlines); *cf. Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1044 (4th Cir. 1984) (finding abuse of discretion in refusal to permit amendment of complaint where evidence for amendment was discovered shortly before trial).

Rather than dispute that Mr. Hickman's deposition testimony revealed the need to depose Mr. Stovall, plaintiffs attempt to bolster their position by grafting onto 16(b) an "inability" requirement. In other words, plaintiffs assert that defendants failed to demonstrate that they were unable to depose Mr. Stovall earlier. (*See* Opp. at 6 ("Clearly, as they deposed Mr. Hickman, they *could have* deposed Mr. Stovall, but simply failed to do so.") (emphasis added))  The issue is not, however, whether defendants "could have" deposed Mr. Stovall during discovery. Rather, the issue is whether further discovery is necessary because of facts learned near the close of discovery or after the discovery cut-off. In its numerous opinions analyzing Rule 16(b), the Fourth Circuit has never imposed a burden of proving such "inability" and, if such were the law, the Fourth Circuit undoubtedly would have said so by now.

Second, the plaintiffs' argument fails because they analyzed the wrong time period in assessing whether "good cause" is present. As the 1983 Advisory Committee noted, the focus of the Rule 16(b) "good cause" inquiry should be on whether defendants could have reasonably met the scheduling deadlines: "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Thus, the

plaintiffs' reliance on facts post-dating the discovery cut-off, (*e.g.*, Opp. at 6), is simply not relevant: defendants meet the "good cause" requirement because it is undisputed that during the time period preceding the discovery cut-off, defendants had no justifiable reason to depose Mr. Stovall until after Mr. Hickman's deposition.

Finally, even if events post-dating the discovery cut-off are relevant, which they are not, plaintiffs mischaracterize those events. As plaintiffs are well-aware, the defendants' decision to move to reopen discovery was prompted, in part, by the Court's January 2, 2009 ruling on the parties' cross-motions for summary judgment in which the Court noted that the "record as currently developed does not establish in detail what role Hickman and Stovall played with regard to either the 1994 refunds or the structure and composition of the Plan's investment portfolio, or the Board's decisions relative to pursuing the present action." (Paper No. 106 at 12.) During the parties' telephonic status conference on January 21, 2009, the Court in principle indicated that it would allow Mr. Stovall's deposition but instructed defendants to file a motion to reopen discovery to allow plaintiffs an opportunity to object to further discovery on the record.

Furthermore, plaintiffs' argument that defendants were not diligent in filing their motion to reopen discovery after the Court's January 21, 2009 telephonic status conference is misplaced for two reasons. First, plaintiffs' motion for reconsideration, filed on January 16, 2009, was still pending before the Court and may have mooted the need for defendants to reopen discovery. Plaintiffs argued in their motion for reconsideration that the Court erred because defendants' investment strategy was "sufficiently undiversified as to inherently be in violation of ERISA," (Paper No. 108, at Parts V.A, V.B), and because the defendants' "failure to diversify plan assets was not prudent," (*id.* at Part V.C). If plaintiffs had been successful on this argument, then defendants would have needed to reassess the need for Mr. Stovall's deposition in light of the Court's decision.

4

Thus, it was reasonable for the defendants to postpone filing their motion to reopen discovery until after the Court's decision on February 23, 2009.

Second, the parties' have engaged in settlement negotiations subsequent to the Court's decision on February 23, 2009. Hoping to settle the case and avoid the expense of trial and further discovery, defendants postponed filing their motion to reopen until after the parties had made reasonable efforts to settle the case in light of the Court's decision. Defendants are still hopeful that the parties can reach an amicable settlement agreement. But out of an abundance of caution defendants had to move to reopen discovery for the limited purpose of deposing Mr. Stovall for up to four hours.

In sum, defendants meet the "good cause" standard to reopen limited discovery because of facts justifiably learned for the first time near the end of discovery. Events since the discovery cut-off date support defendants' request to reopen discovery and demonstrate that defendants have diligently developed their case while seeking to avoid unnecessary expenditures for all parties.

## II.     Mr. Stovall's Four-Hour Deposition Will Not Prejudice Plaintiffs Within The Meaning Of Rule 16(b)

The only prejudice that plaintiffs point to is "the unnecessary expense of defending Mr. Stovall's deposition" and unidentified "matters ancillary to that deposition." (Opp. at 7.) Yet, plaintiffs ignore that the deposition of Mr. Stovall would require a maximum of four hours and, thus, could be concluded in one half day. This limited discovery will not prejudice plaintiffs within the meaning of Rule 16(b). *See Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 539 (D. Md. 2006) (finding "good cause" under Rule 16(b) and noting that plaintiffs are not prejudiced even though discovery was concluded because only limited additional discovery would be required). And whereas plaintiffs' prejudice is slight, defendants have demonstrated that they will be significantly prejudiced if Mr. Stovall's deposition does not take place.

The case law relied upon by plaintiffs is also inapposite. *See Xerox Corp. v. ImaTek, Inc.*, 220 F.R.D. 244, 245 (D. Md. 2004) (finding, without discussion of Rule 16(b), that a plaintiff company is prejudiced by having to incur additional and unnecessary costs to respond to a defendant corporations' counterclaim that had no "relevance whatsoever" to the other claims in the case); *Plotkin v. Assoc. of Eye Care Ctrs., Inc.*, 710 F. Supp. 156, 159 (E.D.N.C. 1989) (noting, without discussion of Rule 16(b), that additional expenses incurred in reopening discovery under Rule 15(a) may constitute prejudice where the additional discovery would bear "little or no fruit"); *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 311 (M.D.N.C. 2002) (no discussion of prejudice in the context of Rule 16(b)); *Burns v. AAF-McQuay, Inc.*, 980 F. Supp. 175, 178 (W.D. Va. 1997) (same).

### III.   An Expedited Schedule Pursuant To Fed. R. P. 6(c)(1)(C) And LCvR 105(2)(a) Is Warranted Under The Circumstances

As an initial matter, plaintiffs' lead argument—that defendants lack good cause to seek expedited filing—applies an incorrect legal standard. Plaintiffs contend that the law of this case is that "the primary consideration of the good cause standard is the diligence of the movant." (Opp. at 4.) Yet, that standard only applies in the context of a Rule 16(b) motion, not a request to expedite briefing pursuant to Fed. R. P. 6(c)(1)(C) and LCvR 105(2)(a). Under Fed. R. P. 6(c)(1)(C) and LCvR 105(2)(a), the correct legal standard is that the Court has virtually unfettered discretion in finding "good cause" to expedite briefing schedules. *See, e.g.,* LCvR 105(2)(a) ("*Unless otherwise ordered by the Court*, all memoranda in opposition to a motion shall be filed within fourteen days of the service of the motion.") (emphasis added); *CIENA Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000) (applying Fed. R. P. 6(c)(1)(C) (renumbered) and permitting different time periods in the context of interlocutory injunctions).

As noted above as well as in the defendants' motion, it was reasonable for the defendants to postpone filing their motion to reopen discovery until after the Court's decision on February 23, 2009 and after reasonable efforts to settle the case in light of the Court's decision. Defendants have diligently developed their case while seeking to avoid unnecessary expenditures for all parties. Indeed, an expedited briefing schedule is in the interest of all parties as it will also prevent Mr. Stovall's deposition from interfering with plaintiffs' trial preparations. Under the circumstances of this case, defendants respectfully submit that an expedited briefing schedule is proper.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that this Court grant defendant Trustees' Motion to Reopen Discovery on an expedited basis and permit the defendants to take the deposition of Mr. Steven Stovall at an agreed upon date between the date of the Court's order and May 15, 2009; and that this Court order such other and further relief as justice may provide.


Dated: April 9, 2009                                Respectfully submitted,


                                                    /s/ John C. Hayes, Jr._____
                                                    John C. Hayes, Jr. (MD Bar No. 01936)
                                                    NIXON PEABODY LLP
                                                    401 Ninth Street, N.W., Suite 900
                                                    Washington D.C.  20004
                                                    (202) 585-8000 (phone)
                                                    (202) 585-8080 (facsimile)
                                                    jhayes@nixonpeabody.com

                                                    *Counsel for Defendant Trustees*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of April, 2009, I caused a true and correct copy of the foregoing Defendant Trustees' Reply To Plaintiffs' Opposition To Motion To Reopen Discovery And For Leave To Take Steven Stovall's Deposition to be served via this Court's ECF system to:

> Jonathan G. Rose, Esq. (MD Bar No. 15138)
> SHEPPARD MULLIN RICHTER & HAMPTON LLP
> 1300 I Street, NW, 11th Floor East
> Washington, DC 20005
> (202) 772-5390 (phone)
> (202) 312-9410 (facsimile)
> jrose@sheppardmullin.com
>
> *Attorneys for Plaintiffs*
>
>
> Peter R. Kolker, Esq.
> ZUCKERMAN SPEADER LLP
> 1800 M Street, N.W. Suite 1000
> Washington D.C. 20036-5802
> (202) 778-1812 (phone)
> (202) 822-8106 (facsimile)
> pkolker@zuckerman.com
>
> *Attorney for Defendant Harry Perry*

                                    /s/ John C. Hayes, Jr.

                                        John C. Hayes, Jr.