**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| **PLASTERERS' LOCAL UNION NO. 96 PENSION PLAN**, *et al.*, | ) ) ) ) |
| **Plaintiffs,** | ) )     C.A. No. PJM 06 CV 338 |
| **v.** | ) ) ) |
| **HAROLD PERRY**, *et al.*, | ) ) ) |
| **Defendants.** | ) ) |

## JOINT PROPOSED PRETRIAL ORDER

Pursuant to this Court's Order dated April 22, 2009, and entered by the Clerk on April 23, 2009, Plaintiffs, the Plasterers' Local Union No. 96 Pension Plan (the "Plan"), Cherie Pleasant and James Miller, as trustees, on behalf of the Plan (collectively, the "Plaintiffs"); and Defendants Harry C. Perry, Jr., Donald Molnar, James Lertora, Edgar Pepper, and Ronald Beddow (collectively, the "Defendants"), by and through undersigned counsel, hereby respectfully submit their Proposed Pretrial Order.

**A.      Plaintiffs' Brief Statement of Facts and Legal Theories**

**1.      Statement of Facts**

This case arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.  Defendant Perry is the former Administrator of the Plan, and, as such, was a fiduciary of the Plan as that term is defined under ERISA § 3(21)(A); 29 U.S.C. § 1002(21)(A).  Defendants Molnar, Lertora, Pepper, and Beddow (collectively, the "Defendant Trustees") are former members of the Plan's Board of Trustees, and, as such, were

fiduciaries and trustees of the Plan as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(A).

During their time as Plan fiduciaries, the Defendants maintained virtually all Plan assets exclusively in an undiversified portfolio of conservative fixed investment vehicles, including certificates of deposit and Treasury bills.  These investment choices were not made as the result of the Defendants' following a written statement of investment policy or any other investment strategy.  Instead, Defendant Perry, who was unaware of any duty to diversify under ERISA, simply selected the various undiversified, conservative investment vehicles for the Plan based upon his belief that this was the will of the Defendant Trustees.  Defendant Perry did not challenge the Defendant Trustees on what he viewed as their desired investment choices, but instead merely acquiesced to those choices.  The Defendant Trustees, who were aware of the investment selections made by Defendant Perry, were similarly unaware of any duty to diversify under ERISA.  They did not challenge Defendant Perry's investment selections as they desired to simply maintained the status quo, unaware that the status quo was in violation of ERISA. Neither Defendant Perry nor the Defendant Trustees ever contemplated whether or not their undiversified conservative fixed investment selections were prudent investment choices in light of express fiduciary duties mandated by Section 404(a)(1) of ERISA – a duty of which the Defendants were admittedly unaware.

This failure to act prudently with regards to the Plan's investment portfolio was characteristic of the imprudent way in which the Defendants managed the Plan.  The Defendant Trustees imprudently failed to exercise proper oversight responsibility by retaining Defendant Perry as Plan Administrator, despite the fact that Defendant Perry did not administer the Plan in accordance with ERISA, because he was completely unaware as to the requirements of ERISA.

The Defendants also hired and retained Sam Scholar as Plan Counsel, despite the fact that he had no background in ERISA.  The Defendants also failed to take any action to ensure that the Plan's Board of Trustees complied with the Plan's governing documents, by ensuring that there was a quorum of the Board of Trustees.

The Defendants' failure to prudently diversify Plan assets constitute breaches of the Defendants' fiduciary duties under Section 404(a)(1)(C) of ERISA.  As a result of the breach of fiduciary duty caused by the Defendants' imprudent, undiversified investment choices, the Defendants significantly damaged the Plan by preventing it from growing at the rate at which the Plan would have grown had the Defendants maintained a prudently diversified investment strategy.

### 2.    Legal Theories

a.    As fiduciaries of the Plan, the Defendants were to discharge their duties subject to the prudent man standard of care under ERISA § 404(a)(1)(B); 29 U.S.C. § 1104(a)(1)(B).  By failing to diversify Plan assets, Defendants breached this fiduciary duty.

b.    As fiduciaries of the Plan, the Defendants were required to diversify Plan assets unless, under the circumstances, it was clearly prudent not to diversify, pursuant to ERISA § 404(a)(1)(C); 29 U.S.C. § 1104(a)(1)(C).  The Defendants breached their fiduciary duties by failing to diversify Plan assets, a decision which was clearly imprudent, based upon the Plan's substantial underperformance against that of similarly-situated fiduciaries, as a result of the Defendants' actions.  Furthermore, the Defendants simply never considered whether or not their undiversified investment choices were prudent, under the circumstances.

c.    The Defendants are liable to make the Plan whole for the damages it incurred because of the Defendants' breaches of their fiduciary duties resulting from their imprudent, undiversified investment choices pursuant to ERISA § 409(a); 29 U.S.C. § 1109(a).

       d.       As fiduciaries of the Plan, Plaintiffs Miller and Pleasant are authorized to bring this action against Defendants to recover the losses incurred by the Plan due to the Defendants' breaches of fiduciary duties resulting from their imprudent, undiversified investment choices, as well as recovering the attorneys' fees and costs incurred by the Plan in bringing this action, pursuant to ERISA §§ 502(a)(3), 502(g)(2)(D); 29 U.S.C. § 1132(a)(3), 1132(g)(2)(D).

**B.**      <u>Defendants' Brief Statement of Facts and Legal Theories</u>

      **1.**      **Statement of Facts - Defendant Perry**

Defendant Perry submits that although he was the paid administrator of the Plan, his duties were limited to ministerial activities relating to the computation and payment of benefits and to implementing the investment policies decided by the Trustees.  To that end, he and his assistant, Lee Wagner, assisted the Trustees in locating Certificates of Deposit at advantageous rates and in keeping track of the balances to assure they always remained FDIC insured. Similarly, he and Ms. Wagner assisted in the ministerial tasks associated with the Fund's ownership of US Treasury Bills.

Defendant Perry further submits that the selection of Certificates of Deposit and Treasury Bills was prudent and designed to avoid risk for the small group of Fund members who would be approaching retirement age in the near future and would require both liquidity of investment and safety of principal.

Defendant Perry denies that there was no investment policy and denies that the Fund suffered losses on account of it.

Finally, Defendant Perry denies that Plaintiff is entitled to attorney's fees and reserves the right to object to particular claims therefor once asserted.

      **2.**      **Legal Theories - Defendant Perry**

Defendant Perry did not exercise discretionary authority or discretionary control over the investment of the assets of the Fund and was therefore not a fiduciary "to the extent" of such duties under 29 U.S.C. § 1002(21)(A).

Defendant Perry fulfilled any fiduciary duties he was subject to by acting with reasonable care, skill, prudence and diligence under the circumstances and in conformity with 29 U.S,C, § 1104(a)(1). Further, whether or not his responsibility, Defendant Perry contends that the funds were prudently invested and with a sufficient degree of diversification given the applicable facts and circumstances.

Damages projected by Plaintiff are not supported by competent evidence or by expert testimony.

Defendant Perry relied in good faith upon the advice of attorney Sam Scholar, a defendant in a companion action initiated by Plaintiff in the United States District Court for the District of Columbia, *Plasterers' Local Union No. 96 Pension Plan, et al. v. Scholar*, CA 1:07-CV-01044-RWR.

Plaintiffs are barred by the statute of limitations from asserting some or all of the claims described in Plaintiffs' portion of this Pretrial Order. Finally, Defendant Perry contends that equitable principles preclude some or all of the claims described in Plaintiffs' Pretrial Order because of the role of currently sitting Trustees.

**3.      Statement of Facts - Defendant Trustees**

Defendant Trustees submit that they acted prudently with respect to the Plan investments given the character and aims of the Plan they served. The Trustees' investment strategy was designed to minimize the risk of large losses and resulted in a steady appreciation of the Plan's assets during the relevant time period.

Defendant Trustees also submit that they employed appropriate methods to investigate the merits of the Plan's investments and to monitor the investments with reasonable diligence, including considering financial statements, annual reports, and other financial statements. Defendant Trustees also evaluated the merits of alternative investments suggested by outside consultants in light of the particular needs of the plan vis-à-vis its participants.

Defendant Trustees deny that there was no investment policy and deny that the Fund suffered losses on account of it.

The Defendants deny that they failed to take any action to ensure that the Plan's Board of Trustees complied with the Plan's governing documents.

Defendant Trustees deny that Plaintiff is entitled to attorney's fees and reserve the right to object to particular claims therefor once asserted.

**4.      Legal Theories - Defendant Trustees**

Defendant Trustees fulfilled their fiduciary duties under ERISA § 404(a)(1)(B); 29 U.S.C. § 1104(a)(1)(B) by acting with the care, skill, prudence and diligence under the circumstances that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of a similar Plan of a like character and with like aims.

Defendant Trustees fulfilled their fiduciary duties under ERISA § 404(a)(1)(C); 29 U.S.C. § 1104(a)(1)(C) by adopting a prudent investment strategy so as to minimize the risk of large losses.

Damages projected by Plaintiffs are not supported by competent evidence or by expert testimony.

Plaintiffs are not entitled to recover attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 1132(a)(3), 1132(g)(2)(D).

6

Defendant Beddow was not a fiduciary as to Plaintiffs' remaining claims, which relate to the Trustees' investment decisions from 2002 through 2005 because he was not a trustee during that time period.

Plaintiffs are barred by the statute of limitations from asserting some or all of the claims described in Plaintiffs' portion of this Pretrial Order.  Finally, Defendant Trustees contend that equitable principles preclude some or all of the claims described in Plaintiffs' Pretrial Order because of the role of currently sitting Trustees.

**C.**      **Statements Relating to Counterclaims, Crossclaims, and Third-Party Claims**

Not applicable.

**D.**      **Amendments Required to Pleadings**

By virtue of Plaintiffs' abandonment of certain claims, as itemized in Section E (1), below, the trial will proceed only on the following counts:  Count II (Perry); Count IV (Trustees); and Count V (Trustees).

Defendant Beddow became a Trustee of the Plan in 1992 and resigned approximately five months later in 1993, thus he should be dismissed from case and the pleadings amended to reflect that change.  Defendant Beddow was not a trustee and hence not a fiduciary as to Plaintiffs' remaining claims, which relate to the Trustees' investment decisions.  Since his resignation in 1993, Defendant Beddow has not exercised any discretion or control over the Plan.

**E.**      **Issues to Be Abandoned**

**1.**      **By Plaintiffs**

Plaintiffs hereby state that they are abandoning their claims arising out of the Defendants' 1994 reversion of Plan assets to contributing employers.  These claims were included in Plaintiffs' First, Third, Sixth, Seventh, and Eighth Causes of Action in their Complaint against Defendants.

7

       **2.**      **By Defendants**

Not applicable.

**F.**    **Stipulation of Facts**

       1.       The parties agree to stipulate to the authenticity, not the admissibility, of all documents exchanged in discovery and those documents used as exhibits in any deposition in this case (other than demonstrative exhibits used during a deposition) which has taken place as of the date of this proposed pretrial order.

       2.       The Plan is a "pension plan" as that term is defined under ERISA § 3(2); 29 U.S.C. § 1002(2).

       3.       The Plan is organized as a "multiemployer plan" as that term is defined under ERISA § 3(37); 29 U.S.C. § 1002 (37).

       4.       The Plan is subject to the provisions of ERISA pursuant to ERISA § 4; 29 U.S.C. § 1003.

       5.       The Plan is jointly-administered by a Board of Trustees, consisting of employer-appointed and union-appointed trustees (the "Board of Trustees") who are "fiduciaries" and "trustees," as those terms are defined under ERISA §§ 3(21)(A), 403(a); 29 U.S.C. §§ 1002(21)(A), 1103(a).

       6.       Defendant Perry served as Plan Administrator through his accounting business known as Harry C. Perry and Associates.

       7.       Defendant Perry became Plan Administrator in 1973.

       8.       Defendant Perry prepared the IRS Form 5500 (the "Form 5500") for the Plan for the year 1994.

       9.       Defendant Perry never advised the Defendant Trustees that ERISA required fiduciaries to diversify Plan assets.

10.     Defendant Perry never suggested that Ms. Wagner attain education or attend seminars to keep up with the developments in administration of such ERISA-covered plans.

11.     Defendant Perry did not maintain fiduciary insurance in certain years.

12.     Sam Scholar never told Defendant Perry that it would be impermissible to have telephonic meetings.

13.     Defendant Perry believed that Defendant Lertora was no longer an employing contractor by 2002 yet he did not object to his sitting as a trustee after this point.

**G.      Damages Claimed and Relief Sought**

**1.      By Plaintiffs**

Plaintiffs seek an award of damages for the Defendants' breaches of fiduciary duties resulting from their imprudent, undiversified investment portfolio.  Pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a), this amount is to be calculated as the damage to the Plan caused by the Defendants.  Thus, Plaintiffs seek to recover the difference between the value of the Plan assets had those assets been prudently diversified and what the actual value of Plan assets was as a result of Defendants' imprudent, undiversified portfolio.

Plaintiffs also seek an award of pre-judgment interest on damages.  Plaintiffs also seek their attorneys' fees and costs incurred in bringing this action as is required by ERISA § 502(g)(2)(D); 29 U.S.C. § 1132(g)(2)(D).

**2.      By Defendants**

Defendants contend that the investment policy of the Fund was prudent and that the Plaintiffs are not entitled to damages.  Further, Defendants contend that Plaintiffs' damages calculation is not supported by the evidence or the law and that some or all of the damages claimed are barred by the statute of limitations or are precluded by principles of equitable estoppel.

**H.**   **Trial Exhibits**

    **1.**   **By Plaintiffs**

Plaintiffs intend to offer some or all of the following additional documents as well as any

of those identified by Defendants:

    1.      Letter to S. Scholar from H. Perry 10/16/89

    2.      Letter to the IRS from S. Scholar 11/16/89

    3.      Letter to S. Scholar from H. Perry 1/02/90

    4.      Letter to S. Scholar from H. Perry 1/10/90

    5.      Letter to S. Scholar from H. Perry 10/03/90 and 10/18/90

    6.      Notice to Trustees re Forfeiture of plan participants' contributions to employer

contractors 3/06/91

    7.      Letter to S. Scholar from C. Coakley 4/08/91

    8.      Notice to Trustees on 5/20/91 re 5/17/91 letter from C. Coakley

    9.      Board of Trustees Meeting Agenda 7/23/91

    10.     Letter to S. Scholar from L. Wagner 11/25/91

    11.     Pension Fund – List of Questions

    12.     Letter to L. Wagner from S. Scholar re response to 11/25/91 Letter

    13.     Note to Contractors who Employ Plasterers' Members from L. Wagner 3/01/93

    14.     Board of Trustees Meeting Minutes 1/25/94

    15.     Bank of America Snapshot Portfolio Value, Statement Date 9/01/05 – 9/30/05

    16.     Board of Trustees Meeting Agenda 5/07/91

    17.     Board of Trustees Meeting Agenda 5/07/91

    18.     Board of Trustees Meeting Minutes 7/23/91

    19.     Board of Trustees Meeting Minutes 1/25/94

20.     Board of Trustees Meeting Agenda 9/12/95

21.     Memo to Trustees from L. Wagner 9/15/95

22.     Board of Trustees Meeting Minutes 11/09/95

23.     Letter to Trustees from L. Wagner 12/03/97

24.     Board of Trustees Meeting Minutes 1/27/98

25.     Letter to S. Scholar 5/26/99 re: proposed meeting dates

26.     Board of Trustees Meeting Minutes 6/22/99

27.     Board of Trustees Meeting Minutes 9/19/00

28.     Board of Trustees Meeting Minutes 1/08/02

29.     Letter to Trustees from L. Wagner 10/09/03

30.     Notice to Trustees from L. Wagner 2/04/03 re: February 13 meeting

31.     Fax to S. Scholar from L. Wagner 8/23/04

32.     Fax to S. Scholar from L. Wagner 10/06/04

33.     Plasterers' Pension Plan Declaration of Trust

34.     Plasterers' Pension Plan Document and Amendments

35.     Summary Plan Description of Pension Fund as of 12/31/02

36.     Form 5500 (1994)

37.     Letter from L. Wagner 1/30/95 re contributions paid by Blake Construction

38.     Photocopies of multiple Form 1099-Misc. (1994)

39.     Form 5558 Application for Extension of Time Dated 8/27/93

40.     Form 5500 (1993)

41.     Form 5500 C/R (1995)

42.     Letter H. Perry from Bailey & Bailey CPA 1/06/95

43.     Letter to Trustees from H. Perry 1/15/90

44.     Letter to H. Perry from C. Coakley 12/21/93

45.     Letter to S. Scholar from L. Wagner 3/25/97

46.     Packet re: Plan Assets

47.     Affidavit of L. Wagner

48.     Memo Letter from H. Perry to J. Harrison 10/03/05

49.     Letter to Trustees from H. Perry 8/24/05

50.     Letter to J. Rose from H. Perry 7/20/05 re: response to 7/11/05 letter

51.     Letter to Members of Plan from L. Wagner 6/10/05

52.     Letter to H. Perry from S. Scholar 2/20/91

53.     Notice to Trustees dated 7/02/91 re: Letter from C. Coakley dated 6/17/91

detailing deduction of balance

54.     Board of Trustees Meeting Minutes 1/15/75

55.     Letter to H. Perry from J. Rose dated 7/11/05 re: Potential Merger of Pension &

Health Funds

56.     Audit Report 5500 (1994)

57.     Letter to Trustees from Bailey & Bailey CPA 6/05/91

58.     Board of Trustees Meeting Minutes 11/12/85

59.     Relevant portions of the U.S. Code pertaining to ERISA

60.     Excerpts from Employee Benefits Law, BNA Books (Bureau of National Affairs,

2d Edition)

61.     Harry Markowitz, Portfolio Selection, The Journal of Finance, Vol. 7, No. 1, pp.

77-91 (Mar. 1952).

12

62.     Excerpts from Harry Markowitz, <u>Portfolio Selection: Efficient Diversification of Investments</u> (2d Edition)

63.     Charts created by Plaintiffs' expert Michael Cairns

64.     Letter to trustees from C.J. Coakley Co., Inc. 5/17/91

65.     Letter to trustees from C.J. Coakley Co., Inc. 6/17/91

66.     Undated Board of Trustees Meeting Agendas

67.     Letter to L. Wagner from S. Scholar 1/09/92

68.     Letter to S. Scholar from H. Perry 3/22/94

69.     Letter to L. Wagner from S. Scholar 9/07/94

70.     Board of Trustees Meeting Minutes 4/23/02

71.     Board of Trustees Meeting Minutes 7/23/02

72.     Independent Auditors' Report for 12/31/93

73.     Independent Auditors' Report for 12/31/94

74.     Independent Auditors' Report for 12/31/95

75.     Independent Auditors' Report for 12/31/96

76.     Independent Auditors' Report for 12/31/97

77.     Independent Auditors' Report for 12/31/98

78.     Audit Report for 12/31/99

79.     Audit Report for 12/31/00

80.     Audit Report for 12/31/01

81.     Audit Report for 12/31/02

82.     Audit Report for 12/31/03

83.     Audit Report for 12/31/04

84.     Independent Auditors' Report and Financial Statements for 12/31/05

85.     Harry C. Perry, Jr.'s Responses to Plasterers' Local Union No. 96's First Set of Interrogatories

86.     Defendant Donald A. Molnar's Answers and Objections to Plaintiffs' First Set of Interrogatories

87.     Defendant James S. Lertora's Answers and Objections to Plaintiffs' First Set of Interrogatories

88.     Defendant Edgar Pepper's Answers and Objections to Plaintiffs' First Set of Interrogatories

**2.     By Defendants:**

Defendants will object to the following documents identified by Plaintiffs on the grounds of relevance, as relating to claims now abandoned by Plaintiffs:

1 – 14, 16 – 19, 23, 25, 29 – 32, 37 – 48, and 52 – 58.  Defendant Perry and Defendant Trustees object to the use as substantive evidence of Exhibit 47 (Affidavit of Lee Wagner).

Defendants intend to offer some or all of the following additional documents as well as any of those identified by Plaintiffs and not objected to by Defendants:

1.     12/31/1999 - Operative Plasterers Local Union No. 96 Pension Fund Audit Report

2.     10/18/2001 - Correspondence to Plasterers Local from L. Wagner

3.     10/19/2001 - Correspondence to Plasterers Local from L. Wagner

4.     11/02/2001 - Correspondence to Trustees of Plasterers from E. Schultz (Morgan Stanley) with Custom Portfolio Proposal

5.     11/05/2001 - Custom Portfolio Proposal from TFI

6.     01/04/2002 - Suggested Meeting Agenda

7.     01/08/2002 - Minutes of Meeting of Board of Trustees

14

8.      04/23/2002 – Plan Trustees meeting – rejecting Morgan Stanley suggestion

        (Hickman Dep. Exhibit 9)

9.      09/10/2002 - Fax re: 06/26/01 Meeting to S. Scholar from L. Wagner

10.     12/31/2002 and 2003 - Pension Fund Audit Report -2003 & 2002

11.     2004 - Mr. Perry's Notes re: meeting

12.     07/27/2004 - Correspondence from K. Hickman to Board of Trustees re:

        appointment of J. Miller

13.     07/27/2004 - Correspondence from K. Hickman to Board of Trustees re: J. Miller

        acceptance to serve

14.     11/3/2004  - Correspondence to Trustees from L. Wagner re: Auditors Report

15.     08/02/2005 - Notes of Meeting of Plasterers' Union

16.     08/25/2005 - Minutes of Meeting of the Board of Trustees

17.     12/10/2007 - Amended Complaint – *Plasterers v. Scholar*

18.     Custom Portfolio Proposal

I.    **Witness List**

      1.      **Witnesses Plaintiffs Expect to Call in Case-in-Chief**

Cherie Pleasant
Construction Contractors Council
2300 Wilson Boulevard
Suite 410
Arlington, VA  22201
(202) 530-1188

James Miller
Cement Masons Local 891
1517 Kenilworth Avenue NE
Washington, DC  20019
(202) 398-5858

Harry C. Perry
1411 K Street, N.W.
Suite 502
Washington, DC  20005
(202) 347-6503

Edgar Pepper
24670 Yacht Club Road
Saint Michaels, MD  21663
(410) 745-4004

James S. Lertora
1701 Maydale Drive
Silver Spring, MD  20905
(301) 384-0990

Donald A. Molnar
118 Canal Street
Grasonville, MD  21638
(410) 827-9076

Ronald Beddow
2715 Fairview Drive
Berkeley Springs, WV  25411
(304) 258-2855

Keith Hickman
Cement Masons Local 891
1517 Kenilworth Avenue NE
Washington, DC  20019
(202) 398-5858

Steve Stovall
Cement Masons Local 891
1517 Kenilworth Avenue NE
Washington, DC  20019
(202) 398-5858

Sam Scholar
308 Hillwood Avenue
Suite 300
Falls Church, VA  22046
(703) 534-1822

Lee P. Wagner
1411 K Street, N.W.
Suite 502
Washington, DC  20005
(202) 347-6503

**2.      Witnesses Defendants Expect to Call in Case-in-Chief**

Any witness designated by the Plaintiffs, above.

**J.      Expert Witnesses**

**1.      For Plaintiffs**

Michael Cairns
New England Pension Consultants
One Main Street
Cambridge, MA 02142
(617) 374-1300

Henry Rose, Esq.
1627 I Street, N.W.
Suite 900
Washington, DC  20006
(202) 887-0467

Prof. Norman Stein
c/o 101 Bryant Drive
Box 870382
Tuscaloosa, AL 35487-0382
(205) 410-0989

**2.      For Defendants**

Frederick Brooks Taylor
1 Westerleigh CT
Purchase, NY 10577
(914) 934-0242  (office)
(917) 952-2815 (cell)

**K.      Deposition Transcripts**

Harry C. Perry, Jr. – pp. 12:14 - 441:19

Donald Molnar – pp. 8:7 - 173:3

James Lertora – pp. 12:12 - 240:16

Edgar Pepper – pp. 15:4 - 285:7

Ronald Beddow – pp. 6:13 - 40:16

Sam Scholar – pp. 11:15 - 297:13

Lee Wagner – pp. 9:21 - 383:6

Keith Hickman – pp. 13:14 - 188:16

Fred Taylor – pp. 6:18 - 165:15

Michael Cairns – pp. 6:11 - 120:7

Henry Rose – pp. 8:6 - 208:2

Defendants object to the use of any deposition if such proposed use is not in compliance with Fed. R. Civ. P. 32 and the applicable Federal Rule of Evidence.  Further, Defendants object to Plaintiffs' failure to designate by page and line number the portions of any deposition Plaintiffs propose to introduce as substantive evidence, as Defendants are unable to counter-designate their portions unless and until Plaintiffs have so designated, as required by Local Rule 106 (2)(k).

**L.**     **<u>Other Pretrial Relief</u>**

Not applicable.

**M.**     **<u>Other Matters Added By Court</u>**

Not applicable.

Respectfully submitted,

Dated: May 12, 2009

_____/s/_____

Jonathan G. Rose (Bar No. 15138)
Richard S. Siegel (Bar No. 17318)
Sheppard Mullin Richter & Hampton LLP
1300 I Street, NW, 11th Floor East
Washington, DC 20005
Telephone: (202) 218-0000
Facsimile: (202) 218-0020
jrose@sheppardmullin.com
rsiegel@sheppardmullin.com
*Attorneys for Plaintiffs*

_____/s/_____

John C. Hayes, Jr. (Bar No. 01936)
Nixon Peabody LLP
401 Ninth Street, N.W., Suite 900
Washington, DC  20005
Telephone: (202) 585-8000
Facsimile: (202) 585-8080
jhayes@nixonpeabody.com
*Attorney for Defendant Trustees*

_____/s/_____

Peter R. Kolker (Bar No. 00906)
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC  20036-5802
Telephone: (202) 778-1812
Facsimile: (202) 822-8106
pkolker@zuckerman.com
*Attorney for Defendant Harry C. Perry, Jr.*

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2009, I caused a copy of the foregoing

Proposed Pretrial Order to be filed with the Court, via the Court's ECF system, which will send

copies to the following counsel of record:

> Peter R. Kolker, Esq.
> Zuckerman Spaeder LLP
> 1800 M Street, NW, Suite 1000
> Washington, D.C. 20036-5802
>
> John C. Hayes, Esq.
> Nixon Peabody LLP
> 401 Ninth Street, N.W., Suite 900
> Washington, D.C. 20004-2128



/s/

Jonathan G. Rose